MEMO ENDORSED
P.4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/10

STROOCK

RECEIVED
AUG 24 2010
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

August 23, 2010

By Hand

Kevin L. Smith
Direct Dial  212-806-5594
Direct Fax  212-806-2594
ksmith@stroock.com

Hon. Richard M. Berman
United States District Court
40 Centre Street, Courtroom 706
New York, New York 10007

Re: Westport Ins. Corp. v. The Hamilton Wharton Group, et al.;
Case No. 10 CV 2188 (the "Action")

Dear Judge Berman:

This Firm is counsel to defendants, The Hamilton Wharton Group, Inc. ("Hamilton Wharton") and Walter B. Taylor, individually ("Taylor") (together, "Defendants"). Pursuant to Rule 2.A. of your Honor's Individual Practices, I write to request a pre-motion conference prior to Defendants' moving for summary judgment dismissing the Action on grounds of prematurity.

A copy of the Complaint and Defendants' Answer are enclosed. Defendants believe that the Action, which seeks a declaration of no insurance coverage (a copy of the pleadings is enclosed), is premature. It is very clear under New York law, which applies in this diversity case, that a declaratory judgment would be premature—and is thus non-justiciable—in situations where issues of fact on which a determination about

insurance coverage depends await to be adjudicated in an underlying action or actions. *See, e.g., Prashker v. U.S. Guar. Co.*, 136 N.E.2d 871, 874-75 (N.Y. 1956); *see also Specialty Nat'l Ins. Co. v. English Bros. Funeral Home*, 606 F. Supp. 2d 466, 472 (S.D.N.Y. 2009). An adjudication of coverage at this time necessarily requires the Court to issue an advisory opinion on fact-dependent exclusions at a time when discovery in three underlying cases (the "Underlying Actions") is just beginning and fact finding has not yet occurred.

The Underlying Actions collectively allege that Hamilton Wharton and Taylor committed ordinary and gross negligence, breach of contract and breach of fiduciary duty, fraud and deceptive acts or practices. Proving these causes of action will very likely require factual determinations concerning the nature of the services Hamilton Wharton and Taylor provided to the New York Healthcare Facilities Workers' Compensation Trust, which findings in turn are predicates for applying the Policy exclusions that are the subject of this Action. To take but one example, the Complaint alleges that coverage is barred because the acts complained of in the complaints in the Underlying Actions are not "Professional Services." The Policy defines "Professional Services" as "the insured[']s activities for others as a managing general insurance agent, general insurance agent, insurance agent, or insurance broker." It is Hamilton Wharton and Taylor's position that the services that Hamilton Wharton and Taylor performed

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM

Hon. Richard M. Berman
August 23, 2010
Page 3

were performed under an agent or broker's license, and constituted Professional Services within the meaning of the Policy. *See generally* N.Y. Insurance Law §§ 2101, 2102 (defining "insurance agent" and proscribing acting without a license). To the extent that a fact finder in this Action will arguably render a conclusion based on facts about what Hamilton Wharton and Taylor did that will be ascertained in the Underlying Actions, this Action is premature. Indeed, the U.S. District Court for the Southern District of New York has held that even if a court does not know whether predicate matters will be determined in the Underlying Actions, if it is merely possible that they will, the court should find that the Action is not presently justiciable. *Maryland Cas. Co. v. W.R. Grace & Co.*, No. 88 Civ. 2613 (JSM), 1996 WL 109068, at *5-*6 (S.D.N.Y. Mar. 12, 1996).

In addition to the problem of prematurity, Westport's continued prosecution of this Action at this stage of the Underlying Actions presents a significant issue of carrier disloyalty to its insureds. *See United Nat'l Ins. Co. v. Waterfront N.Y. Realty, Corp.*, 948 F. Supp. 263, 268-69 (S.D.N.Y. 1996); *Hartford Accident and Indem. Co. v. Mich. Mut. Ins. Co.*, 462 N.Y.S.2d 175, 178 (N.Y. App. Div. 1st Dep't 1983).

For these reasons, Defendants submit that a motion for summary judgment is now appropriate and, moreover, necessary.

Very truly yours,

Kevin L. Smith

cc: All Counsel of Record (by e-mail)

---

A pre-motion conference is scheduled for 9/22/10 at 10 a.m. The settlement conf. on 11/1/10 is vacated. Plaintiff to respond by 9/1/10.

SO ORDERED:
Date: 8/24/10

Richard M. Berman, U.S.D.J.

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM