

**KEIDEL, WELDON & CUNNINGHAM, LLP**
ATTORNEYS AT LAW
925 Westchester Avenue
Suite 400
White Plains, New York 10604

Telephone: (914) 948-7000
Telefax: (914) 948-7010 (Not for Service)
http://www.kwcllp.com

September 22, 2010

*Via ECF System*
The Honorable Richard M. Berman
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

MEMO ENDORSED
PJ·4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/27/10

   Re:  *Westport Insurance Corporation v Hamilton Wharton Group, Inc., et al*
      *Civil Action No.: 10-CV-2188 (RMB)(THK)*

Dear Judge Berman:

  We represent Third-Party Defendants IAAC, Inc. ("IAAC") and Independent Insurance Agents & Brokers of New York, Inc. ("IIABNY") in the above-referenced matter. We are writing this letter to request a pre-motion conference with the Court pursuant to your individual practices. IAAC and IIABNY plan to move to dismiss the Third-Party Complaint filed against them by The Hamilton Wharton Group, Inc. ("HWG") and Walter B. Taylor ("Taylor") under Fed. R. Civ. P 12(b)(1) and 12(b)(6). The basis for this relief is as follows:

**I.**   <u>**Lack of Subject Matter Jurisdiction**</u>

  Initially, the Court lacks subject matter jurisdiction over the claims made in the Third-Party Complaint due to the absence of a ripe claim against IAAC and IIABNY. Any claim against IAAC and IIABNY is dependent upon a finding that there is no coverage afforded to the third-party plaintiffs under the policy issued by Westport Insurance Corporation.

Based upon the facts set forth in the third-party complaint, plaintiff's complaint, and the exhibits attached thereto, there is no question that the entire third-party complaint is based upon contingent and hypothetical liability. Specifically, the allegations of the negligence cause of action reveal claims that "third-party plaintiffs will be damaged in an amount to be determined at trial **if** Plaintiff prevails on its claims for a declaration that coverage of the Third-Party Plaintiffs' losses is excluded under the Westport Policy." Third-Party Complaint ¶ 30 (emphasis added). Similarly, for the breach of contract cause of action, HWG and Taylor allege: "**In the event** that the Court grants declaratory relief sought by Westport, the Third-Party Plaintiffs will have been damaged . . . ." Third-Party Complaint ¶ 40 (emphasis added).

A District Court in Eastern District of Washington addressed an almost identical situation involving an insurance agent and broker in Wausau Underwriters Ins. Co. v. Continental Cas. Co., District Court, No. CV-07-0056-EFS, 2008 WL 793618 (E.D. Wash. March 24, 2008) and held that it lacked subject matter jurisdiction over those claims. HWG and Taylor are being defended by Westport in all three of the actions against them that form the basis of the declaratory judgment action. Westport's Complaint, ¶63. Furthermore, it is clear that if coverage actually exists under the Westport policy, there are no claims of negligence or breach of contract against the third-party defendants. Under the circumstances, any claim against IAAC and IIABNY is premature and should be dismissed.

## II.   **Statute of Limitations and Duties of Insurance Agent/Broker**

Aside from the lack of subject matter jurisdiction, the pleadings make clear that the claims against IAAC and IIABNY are barred by the applicable statute of limitations. All of the actions that form the basis of the causes of action for negligence and breach of contract took place in 2001 or 2002. In fact, even after a claim was reported to Westport in 2006, Westport

informed HWG and Taylor on September 15, 2006 that coverage would not exist for claims of the nature made by the various claimants. Nevertheless, plaintiffs waited until now to commence the instant third-party action against IAAC and IIABNY. Since the statute of limitations under New York law for negligence and breach of contract are three years and six years, respectively, the instant third-party claims are untimely.

Finally, IAAC and IIABNY owed no continuing duty to advise, guide or direct the third-party plaintiffs relative to coverage, but merely had an obligation to obtain the coverage requested. Murphy v. Kuhn, 90 N.Y.2d 266, 270 (1997). Generally, an insured is conclusively presumed to know the contents of an insurance policy concededly received, even though the insured did not read or review it. Catskill Mountain Mechanical, LLC v. Marshall & Sterling Upstate, Inc., 51 A.D.3d 1182, 1184 (3d Dep't 2008). Here, the third-party plaintiffs are insurance agents and brokers themselves and would be able to read their policy and evaluate the relevant coverage to determine whether it met their needs. If there is any ambiguity in the policy, Westport would be obligated to provide coverage. On the other hand, if the Westport policy is clear and unambiguous, it defies reason that an insurance producer would not understand their own coverage and make a claim against their own agent or broker for a policy dating back to 2001. Either way, there are no valid claims against IAAC and IIABNY.

We look forward to addressing these issues with the Court at your earliest convenience. Thank you for your attention to this matter.

Respectfully submitted,

Robert J. Grande, Esq. (RG6958)

RJG/DPR:sal
cc:   All Counsel of Record (via ECF System)

> We will discuss Third-Party
> Defendants' proposed motion
> at the conference on 9/28.
>
> SO ORDERED:
> Date: 9/27/10    *Richard M. Berman*
> Richard M. Berman, U.S.D.J.