

RECEIVED OCT 22 2010 CHAMBERS OF RICHARD M. BERMAN U.S.D.J.

**KEIDEL, WELDON & CUNNINGHAM, LLP**

ATTORNEYS AT LAW
925 Westchester Avenue
Suite 400
White Plains, New York 10604

Telephone: (914) 948-7000
Telefax: (914) 948-7010 (Not for Service)
http://www.kwcllp.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _10-22-10_

**MEMO ENDORSED pg. 3**

October 21, 2010

*Via Overnight Delivery*
The Honorable Richard M. Berman
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    *Re:*    *Westport Insurance Corporation v Hamilton Wharton Group, Inc., et al*
            *Civil Action No.: 10-CV-2188 (RMB) (THK)*

Dear Judge Berman:

As you may recall, this office represents the third-party defendants IAAC, Inc. ("IAAC") and the Independent Insurance Agents & Brokers of New York, Inc. ("IIABNY") in the above-referenced matter. Unfortunately, at this time, it has become necessary to follow up with you related to our challenge to the subject matter jurisdiction of the Court as it respects the claims being made within the third-party complaint by Hamilton Wharton Group, Inc. and Walter Taylor (collectively HWG). Quite honestly, there is much confusion related to the expectations of the Court with respect IAAC and IIABNY.

On September 28, 2010, you had instructed the parties to submit one motion after the pre-motion requests of HWG on the one hand and IAAC and IAABNY on the other. When IAAC and IIABNY sought clarification, the Court reiterated the desire for one motion. Despite efforts to reach an agreement with counsel for HWG, the Court's desired single motion has become untenable. While both motions involve issues of prematurity and ripeness, the anticipated single

The Honorable Richard M. Berman
October 21, 2010
Page 2

---

motion would require HWG to make arguments directly contrary to its own position. While IAAC and IAABNY's motion would seek consideration of issues of the fundamental issue of subject matter jurisdiction for the third-party complaint only, HWG's motion appears to be based upon the improper filing of a declaratory judgment complaint by plaintiff with no mention being made by HWG of issues regarding the court's subject matter jurisdiction. As set forth in our letter of September 22, 2010, IAAC and IIABNY have authority directly on point that there is no subject matter jurisdiction over the third-party complaint and the claims by HWG against IAAC and IIABNY. See Wausau Underwriters Ins. Co. v. Continental Cas. Co., District Court, No. CV-07-0056-EFS, 2008 WL 793618 (E.D. Wash. March 24, 2008). This argument is substantially different from the argument being made by HWG, though the arguments on the surface may appear similar. After reading the proposed 24 page draft of the motion for summary judgment received from counsel for HWG, it is clear that the basis for our challenge to subject matter jurisdiction is completely different from the claims being made by HWG in its draft motion. Therefore, the arguments cannot reasonably be merged into a single motion for this reason as well.

Finally, we understand that the Court has a strict limit of 25 pages for memoranda of law. Our portions of the motion related to subject matter jurisdiction would require about ten (10) pages of the memorandum of law. Since HWG's memoranda, without our portion, is 24 pages long, it is hard to imagine how our challenge to the third-party complaint and this Court's jurisdiction can be heard within a single motion unless the Court orders HWG to allow our arguments to be included in the instant motion, which admittedly would not make much sense.

Accordingly, we request the scheduling of a pre-motion conference to specifically address our separate motion to dismiss, or permission of this Court to make the previously

requested motion as set forth on our September 22, 2010 request without a conference. In addition, we request that the Court advise whether the motion should be made contemporaneously with HWG's motion or after a decision on HWG's motion. As the Court is well aware, issues of subject matter jurisdiction must be addressed before the Court may proceed further, and the lack of subject matter jurisdiction cannot be waived. Due to the unusual procedural posture, we also want to confirm that our obligation to plead is suspended until a decision on our motion to dismiss.

Alternatively, if the Court still demands one motion, we request that the Court order HWG to allow us at least 10 pages of its motion for summary judgment for argument on our motion to dismiss.

Thank you for your attention to this matter. We look forward to hearing from you soon.

Respectfully submitted,

*[signature]*
Darren P. Renner, Esq. (DR9237)
Robert J. Grande, Esq. (RG6958)

cc:   All Counsel of Record (via email)

---

> Third party Defendant's motion is to be made jointly with Defendants' motion for summary judgment. The joint motion is not to exceed 35 pages.
>
> SO ORDERED:
> Date: 10/22/10    *[signature]* Richard M. Berman
> Richard M. Berman, U.S.D.J.