**MEMO ENDORSED**
**pg. 3**

# STROOCK

RECEIVED OCT 26 2010 CHAMBERS OF RICHARD M. BERMAN U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/26/10

October 26, 2010

By Hand

Kevin L. Smith
Direct Dial  212-806-5594
Direct Fax  212-806-2594
ksmith@stroock.com

Hon. Richard M. Berman
United States District Court
40 Centre Street, Courtroom 706
New York, New York 10007

Re:   Westport Ins. Corp. v. The Hamilton Wharton Group, et al.;
      Case No. 10 CV 2188

Dear Judge Berman:

This firm represents insured defendants The Hamilton Wharton Group, Inc. and Walter B. Taylor (the "Insured Defendants"). I write to seek clarification of the Court's Order of October 22, 2010, which provides that: "Third Party Defendants['] Motion is to be made jointly with Defendants' motion for summary judgment. The joint motion is not to exceed 35 pages." On its face, the Order could be read to require our clients, the insureds in this declaratory judgment diversity action, to include in their brief in support of their motion for summary judgment, ten pages of argument in support of the Third-Party Defendants' motion to dismiss the Insured Defendants' Third-Party Complaint. In short, <u>a possible interpretation of the Order</u> (and we understand that this is the interpretation of counsel for the Third-Party Defendants) <u>is that we are being told to execute a notice of motion and brief, which in part seek to dismiss our own clients' Third-Party Complaint irrespective of the dismissal of the main Complaint, which is the</u>

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM

Hon. Richard M. Berman
October 26, 2010
Page 2

<u>objective of our summary judgment motion</u>. Executing such a notice of motion and brief would place us into a direct and irreconcilable conflict with the interests of our clients to maintain their third-party action.

Because we believe that such an interpretation and inherent conflict cannot be what the Court intended, and because the issues sought to be briefed by the defendants and the Third-Party Defendants are distinct and not in common, we seek to confirm that what is actually intended is two distinct motions to be noticed and briefed on a common briefing schedule: one motion for summary judgment, subscribed by the Insured Defendants and such co-defendants as choose to join in (collectively, the "Defendants' Motion for Summary Judgment"); and one motion to dismiss the Third-Party Complaint, subscribed solely by the Third-Party Defendants, and limited to 10 pages (the "Third-Party Defendants' Motion to Dismiss").

In the event that our interpretation is not what the Court intended, with the Court's indulgence we respectfully seek more specific guidance as to what the Court would prefer. For example, if the two Motions are to be united in a single set of motion papers, would there be two notices of motion rather than one? Should the Insured Defendants oppose the Third-Party Defendants' Motion to Dismiss pursuant to the present schedule?

      We sincerely apologize to the Court for burdening it with this inquiry, which we recognize has been the subject of prior correspondence, but seek only to act as directed by the Court to the best of our abilities while serving our clients faithfully.

Very truly yours,

*/s/ Kevin L. Smith*

Kevin L. Smith

cc: All Counsel of Record (by e-mail)

---

> The Court is not asking counsel to take positions contrary to their respective clients' interest. The Court is simply asking counsel to set forth their respective arguments, whatever they may be, in one motion.
>
> SO ORDERED:
> Date: 10/26/10
>
> *Richard M. Berman*
> Richard M. Berman, U.S.D.J.

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM