UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ x
WESTPORT INSURANCE CORPORATION,             :
                                            :
                              Plaintiff,    :   Case No. 10 CV 2188 (RMB) (THK)
                                            :
v.                                          :
                                            :
THE HAMILTON WHARTON GROUP, INC.,           :
WALTER B. TAYLOR, individually,             :
                                            :
and                                         :
                                            :
INTER-COMMUNITY MEMORIAL                    :
HOSPITAL OF NEWFANE, INC., et al.,          :
                                            :
                              Defendants.   :
------------------------------ x
THE HAMILTON WHARTON GROUP, INC. and        :
WALTER B. TAYLOR, individually,             :
                                            :
                     Third-Party Plaintiffs,:
                                            :
v.                                          :
                                            :
IAAC, Inc., and INDEPENDENT INSURANCE       :
AGENTS & BROKERS OF NEW YORK, INC.          :
                                            :
                     Third-Party Defendants.:
------------------------------ x

### MEMORANDUM OF LAW IN OPPOSITION TO THIRD-PARTY DEFENDANTS' MOTION TO DISMISS THE THIRD-PARTY COMPLAINT

                                        STROOCK & STROOCK & LAVAN LLP
                                        180 Maiden Lane
                                        New York, New York 10038-4982
                                        (212) 806-5400
                                        *Attorneys for Third-Party Plaintiffs*
                                        *The Hamilton Wharton Group, Inc.*
                                        *and Walter B. Taylor, individually*

Of counsel:
    Kevin L. Smith
    Jeremy S. Rosof
    Derek I. A. Silverman

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT .................................................................................................. 1

STATEMENT OF FACTS ............................................................................................................ 2

ARGUMENT ................................................................................................................................. 3

POINT I    THIS COURT HAS SUBJECT-MATTER
           JURISDICTION OVER THIRD-PARTY PLAINTIFFS'
           CLAIMS ............................................................................................................... 3

POINT II   THE STATUTE OF LIMITATIONS FOR THE CLAIMS
           BEGAN TO RUN IN 2006 WHEN THE POLICY WAS
           RENEWED ............................................................................................................ 6

POINT III  THIRD-PARTY DEFENDANTS' FOCUS ON THE
           COMMON LAW DUTY TO ADVISE THE INSURED
           REGARDING COVERAGE IS EXTRANEOUS .................................................. 8

CONCLUSION .............................................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Affiliated FM Ins. Co. v. Jou Jou Designs Inc.,
  No. 90 Civ. 8262 (MJL), 1993 WL 427406 (S.D.N.Y. Oct. 15, 1993) .................................4, 5

Bruckmann, Rosser, Sherrill & Co., L.P. v. March USA, Inc.,
  65 A.D.3d 865 (1st Dep't 2009) ......................................................................................9

Hartford Casualty Insurance Co. v. Moore,
  No. 08-CV-1350, 2010 WL 323502 (C.D. Ill, Jan. 20, 2010) .........................................3, 4

Katz v. Tower Insurance Co. of New York,
  34 A.D.3d 432 (2d Dep't 2006) ......................................................................................9

Kurt Wayne, Inc. v. Lead Underwriters at Lloyds London and Subscribers Under Policy
  Number WSO3133OX,
  14 Misc. 3d 614 (Sup.Ct. New York County 2006) .................................................6, 7, 8

Mauro v. Neimann Agency, Inc.,
  303 A.D.2d 468 (2d Dep't 2003) ...................................................................................7, 8

Morse Diesel International v. CNA Insurance Co.,
  272 A.D.2d 455 (2d Dep't 2000) ......................................................................................8

Murphy v. Kuhn,
  90 N.Y.2d 266 (1997) .......................................................................................................8

Old Republic Insurance Co. v. Concast, Inc.,
  99 F.R.D. 566 (S.D.N.Y. 1983) ................................................................................4, 5, 6

One Beacon Insurance v. Terra Firma Construction Management & General Contracting,
  LLC.,
  No. 02 Civ. 7492(SAS), 2004 WL 369273 (S.D.N.Y. Feb 26, 2004) ..............................8

Reilly v. Progressive Insurance Co.,
  288 A.D.2d 365 (2d Dep't 2001) ......................................................................................9

Tucker v. M & T Insurance Agency, Inc.,
  35 A.D.3d 1156 (4th Dep't 2006) .....................................................................................7

Vic Char Realty, Inc. v. Alliance Plus, Inc.,
  26 A.D.3d 278 (1st Dep't 2006) .......................................................................................7

**STATUTES**

FED. R. CIV. P. 14(a)(1).................................................................................................3


## **PRELIMINARY STATEMENT**

Concurrently with the motion brought by Third-Party Plaintiffs The Hamilton Wharton Group, Inc. ("Hamilton Wharton"), Walter B. Taylor, individually ("Taylor") (collectively the "Third-Party Plaintiffs") and certain co-defendants seeking summary judgment against Plaintiff Westport Insurance Corp. ("Westport"), Third-Party Defendants IAAC, Inc. ("IAAC") and Independent Insurance Agents & Brokers of New York, Inc. ("IIABNY") (collectively "Third-Party Defendants") have brought a motion to dismiss the Third-Party Complaint pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) (the "Motion").[1] In the Motion, Third-Party Defendants argue first that this Court should dismiss the Third-Party Complaint pursuant to FED. R. CIV. P. 12(b)(1), even though it is inextricably intertwined with the main action, because it is "based upon contingent and hypothetical liability." (Third-Party Defendants' Memorandum of Law ("TPD Mem.") 27.) As further appears below, the Motion applies the wrong standard for determining subject-matter jurisdiction, ignores the plain language of FED. R. CIV. P. 14(a), which indisputably allows for contingent liability, and relies entirely on a single non-binding case from a trial court in Washington State. In contrast, the applicable authorities in this Court uniformly demonstrate this Court's subject matter jurisdiction over the within third-party claims, and explain that adopting Third-Party Defendants' ill-conceived position would make it "logically impossible for defendants [in an action for declaratory judgment] to maintain third-party complaints." Adhering to this Court's precedents and their logic, the branch of the Motion pursuant to FED. R. CIV. P. 12(b)(1) should be denied.

The Third-Party Plaintiffs also move pursuant to 12(b)(6), for failure to state a claim upon which relief can be granted. In this branch of their Motion, they argue that the very causes

---

[1] Pursuant to this Court's orders dated October 22 and October 26, 2010, Defendants' motion for summary judgment and this Motion were briefed in a single set of papers.

of action which they characterized as premature in the 12(b)(1) portion of their motion are time-barred. In short, the Third-Party Plaintiffs argue that the Third-Party Complaint is simultaneously too early and too late. While Third-Party Defendants first brokered the insurance policy at issue in 2001, the law in New York is clear that the statute of limitations for Third-Party Defendants' claims began to run when the insurance policy was renewed in March 2006. Thus, the Third-Party Complaint is timely and this branch of the Motion should be denied as well.

## STATEMENT OF FACTS

A detailed statement of facts is set forth in the Memorandum of Law in Support of Defendants' Motion for Summary Judgment Dismissing the Complaint, filed October 29, 2010. However, certain facts pertinent to this Motion are repeated herein.

In late 2001, when Hamilton Wharton's existing errors and omissions ("E&O") insurance policy was set to expire, Third-Party Plaintiffs contacted Third-Party Defendants, who advised Third-Party Plaintiffs to purchase a policy from Westport (the "Policy"). Each year, Third-Party Plaintiffs have submitted a detailed application to Third-Party Defendants in connection with the renewal of this Policy. (Third-Party Compl. ¶¶ 17-21.)

Despite Third-Party Defendants' assertions that they were knowledgeable insurance consultants, and that the Policy was "designed to specifically meet the needs of insurance agents and brokers in this new millennium," the Third-Party Defendants were negligent, and breached their contract with Third-Party Plaintiffs, by failing to advise Third-Party Plaintiffs that Westport might construe claims against Third-Party Plaintiffs arising out of alleged errors and omissions in the conduct of their core business as falling within Westport's policy exclusions. (Id. ¶¶ 24-26, 33-40.) Westport brought the Complaint in this action seeking a declaration that it need not pay claims brought against Third-Party Plaintiffs, based on a variety of these policy exclusions in

its 2006 Policy, and as such, Third-Party Plaintiffs have sustained damages in the form of attorneys' fees incurred in the defense of this lawsuit, and will sustain further damages if Westport prevails. Since these damages were caused by Third-Party Defendants' negligence and the breach of their contract with Third-Party Plaintiffs, (id. ¶¶ 28-31, 39-41,) Third-Party Plaintiffs timely commenced this third-party action on August 27, 2010, the deadline for impleader pursuant to the Case Management Plan ordered by this Court.

## ARGUMENT

### POINT I
### THIS COURT HAS SUBJECT-MATTER JURISDICTION OVER THIRD-PARTY PLAINTIFFS' CLAIMS

Whether the third-party claims are contingent, as Third-Party Defendants contend, is not determinative of subject-matter jurisdiction, and has no bearing over whether this Court can exercise its ancillary jurisdiction over these claims.

FED. R. CIV. P. 14(a) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." FED. R. CIV. P. 14(a)(1) (emphasis added). The use of the word "may" indicates that the present existence of liability is a permissive rather than mandatory element for interposing a third-party claim.

For example, in Hartford Casualty Insurance Co. v. Moore, as in this case, an insurer sought a declaration that claims against its insured were not covered, and therefore the plaintiff-insurer had neither a duty to indemnify nor to defend its insured. No. 08-CV-1350, 2010 WL 323502, at *1 (C.D. Ill. Jan. 20, 2010). As here, the insured impleaded its broker pursuant to FED. R. CIV. P. 14(a), alleging that the broker was responsible for any liability the company might incur, should the insurance company not be required to indemnify the insured. Id. And just as here, the third-party defendant moved to dismiss the third-party complaint because the

plaintiffs' claims contained two contingencies that the broker contended rendered the claims unripe: (1) the outcome of the underlying action against the insured; and (2) the viability of the coverage position asserted by the insurer in the main action. Id. at *4.

The Moore Court found that the Third-Party Defendants had pled damages that were neither contingent nor speculative, namely the attorneys' fees for defending the underlying lawsuit, a lack of insurance coverage during the applicable period, and the inability to obtain insurance for that period. Id. The Moore Court also noted that FED. R. CIV. P. 14(a) by its "is or may be liable" language in any event permits the impleader of a party whose liability is dependent on the outcome of the main claim. Id. at *5. Relying on the Southern District of New York's rationale in Old Republic Insurance Co. v. Concast, Inc., 99 F.R.D. 566, 568 (S.D.N.Y. 1983), which held that a similarly strict "interpretation of . . . Rule [14(a)] makes it logically impossible for defendants [in an action for declaratory judgment] to maintain third-party complaints," the Moore court denied the Third-Party Defendants' motion to dismiss. Moore, 2010 WL 323502, at *3, *6.

Rather than examining whether a claim is contingent, a U.S. District Court should determine that it has "ancillary jurisdiction to decide a third-party claim, where the claim stems from the same core of facts as the main action . . . ." Affiliated FM Ins. Co. v. Jou Jou Designs Inc., No. 90 Civ. 8262 (MJL), 1993 WL 427406, at *1 (S.D.N.Y. Oct. 15, 1993). Here, undoubtedly, the main declaratory action, which concerns an insurance policy sold by Third-Party Defendants to Third-Party Plaintiffs, stems from the same core of facts as the Third-Party Complaint, which addresses the sale of the subject insurance policy. In Old Republic Insurance Co. v. Concast, Inc., a factually similar case, the insured, Concast, brought a third-party complaint against its broker, Fred S. James & Co. ("James"), after its insurance carrier, Old

Republic, attempted to disclaim coverage through an action for declaratory relief. 99 F.R.D. at 567-68. In denying the broker's motion to dismiss, the court noted that "[a] decision regarding the contract issue of whether Old Republic's insurance policy covers [SHI, an affiliated company,] will certainly require evidence regarding negotiations between Old Republic and James. That evidence forms a core of facts that plays a significant role in the resolution of both the main claim and the third-party complaint." Id. at 569. Noting that "James' testimony will be vital to the case," the Court stated that "it would be wastefully duplicative to require Concast and SHI to proceed against it in a separate case." Id.

Analogously, here, the Third-Party Complaint alleges that Brenda Strong, an agent of IIABNY advised Third-Party Plaintiffs to purchase a policy for E&O insurance coverage from Westport in late 2001, and that each year thereafter, Hamilton Wharton completed and submitted a renewal application to Third-Party Defendants detailing the nature of Hamilton Wharton's business. (Third-Party Compl. ¶¶ 18-21.) The issuance of this policy, its terms, and the meaning of these terms are all primary subjects of the main action. (See Compl. ¶¶ 1, 53-61.) Any communications among Plaintiff, Defendants, and Ms. Strong concerning the policy will be examined in both the main action and the third-party actions.[2] Because of the inextricable factual and legal overlap regarding the issue of the coverage of the Policy, this Court has ancillary jurisdiction over Third-Party Plaintiff's claims. Old Republic, 99 F.R.D. at 570; Affiliated FM Ins. Co., 1993 WL 427406, at *1. This Court should exercise its ancillary jurisdiction, since resolving the parties' disputes "in a single trial is far more economical and efficient than conducting two separate trials," and further, "addressing both claims in a single

---

[2] Tellingly, in its Requests for Production of Documents to Defendants, Westport has asked for all documents concerning the purchase and issuance of Hamilton Wharton's liability insurance policies. Likewise, Hamilton Wharton has demanded that Third-Party Defendants produce all documents that concern the decision to offer the coverage purchased by Hamilton Wharton.

trial makes it more likely that the court may produce a complete and enduring resolution of the issues." Old Republic, 99 F.R.D. at 570. The Third-Party Defendants' Motion to Dismiss should therefore be denied.

## POINT II
### THE STATUTE OF LIMITATIONS FOR THE CLAIMS BEGAN TO RUN IN 2006 WHEN THE POLICY WAS RENEWED

Third-Party Defendants allege that the statute of limitations for Third-Party Plaintiffs' actions for negligence and breach of contract began to run in 2001, when Third-Party Defendants first procured the Policy for Hamilton Wharton from Westport, (TPD Mem. 31,) and that these claims, if not premature (see supra Point I), are therefore time-barred. However, while Third-Party Defendants acknowledge that the Policy was renewed each year, (TPD Mem. 31,) they mischaracterize the nature of this renewal. As the Third-Party Complaint states, "[e]ach year HWG has completed and submitted to [Third-Party Defendants] an Application for 'Claims Made'" insurance which "detailed the nature of [Hamilton Wharton's] business and Taylor's position as the managing director of [Hamilton Wharton.]" (Third-Party Compl. ¶¶ 20-21.) This renewal was not the mere rote reissuance of an insurance policy, but required Hamilton Wharton to provide details of its business, including the portion of its work that was devoted to acting as Managing Director of the New York Health Care Facilities Workers Compensation Trust (the "Trust"), which involves the underlying claims for which Westport is denying coverage. Under these circumstances, New York law provides that the statute of limitations began to run afresh each year upon renewal. Thus, the Third-Party Defendants' statute-of-limitations argument fails.

In a similar case, Kurt Wayne, Inc. v. Lead Underwriters at Lloyds London and Subscribers Under Policy Number WSO3133OX, a jeweler applied for, and was issued, successive one-year policies to cover any stolen merchandise. 14 Misc. 3d 614, 616-17 (Sup. Ct., New York County 2006). When the jeweler's insurer disclaimed coverage, the jeweler sued

his insurance broker for negligence and breach of contract in procuring the policy. Id. at 616. In moving to dismiss the complaint, the broker argued that the causes of action accrued when the policy was first issued, relying – as do Third-Party Defendants[3] – on Mauro v. Neimann Agency, Inc., 303 A.D.2d 468, 469 (2d Dep't 2003). Kurt Wayne, 14 Misc. 3d at 616.

The Court rejected this argument, and found that where a policy is "negotiated and placed . . . anew for each successive year," it differs materially from the automatic renewals of standard form insurance. Id. at 618. As alleged in the Third-Party Complaint, each year, Hamilton Wharton provided Third-Party Defendants with an application detailing the nature of Hamilton Wharton's business, and Taylor's position as the managing director of Hamilton Wharton. (See Third-Party Compl. ¶ 21.) This is a far cry from "the automatic renewals of standard form insurance policies issued by a single insurance company." See Kurt Wayne, Inc., 14 Misc. 3d at 618. The statute of limitations therefore began to run when the renewal policy was issued in March 2006, despite the fact that Third-Party Defendants may have made the same error when it first brokered the policy in 2001. Vic Char Realty, Inc. v. Alliance Plus, Inc., 26 A.D.3d 278, 279 (1st Dep't 2006) (breach of contract claim accrued from the brokerage of the replacement policy, even though the same error may have been made in procuring the original policy); Tucker v. M & T Ins. Agency, Inc., 35 A.D.3d 1156, 1157 (4th Dep't 2006) (because there were further discussions between plaintiff and the broker, and alleged independent acts of malpractice prior to the policy renewal, the causes of action for breach of contract and negligence accrued when the policy renewed).

The cases cited by Third-Party Defendants in their Memorandum are inapposite, as they do not concern policy renewals. In One Beacon Insurance v. Terra Firma Construction

---

[3] (See TPD Mem. 31-32.)

Management & General Contracting, LLC, the insured's policy was not renewed.[4] No. 02 Civ. 7492(SAS), 2004 WL 369273 (S.D.N.Y. Feb. 26, 2004). Likewise, Mauro states that the insured procured coverage "continuously," however it does not indicate whether this coverage was under a single or renewed policy, nor the extent of any information provided to the broker. 303 A.D.2d at 468. In Morse Diesel International v. CNA Insurance Cos., the renewal of the insurance policy at issue is never discussed. 272 A.D.2d 455 (2d Dep't 2000). As the cases cited by Third-Party Defendants do not discuss the statute of limitations for a broker's negligence and breach of contract when renewing a contract, they are of no moment. Rather, the rationale of Kurt Wayne should govern this case, and the statute of limitations for the breach of contract claim should be held to run from March 2006, when the policy was renewed, rather than 2001 "when defendants first procured . . . coverage." Kurt Wayne, 14 Misc. 3d at 618-19. Applying this date, the six-year statute of limitations for breach of contract pursuant to CPLR § 213(2) clearly has not expired, and the Court should deny Third-Party Defendants' motion to dismiss on that basis.

## POINT III
## THIRD-PARTY DEFENDANTS' FOCUS ON THE COMMON LAW DUTY TO ADVISE THE INSURED REGARDING COVERAGE IS EXTRANEOUS

The Third-Party Complaint alleges claims of negligence and breach of contract. Rather than argue that the elements of these causes of action were not satisfied, Third-Party Defendants rely in their motion upon a red herring case, Murphy v. Kuhn, 90 N.Y.2d 266 (1997), which discusses a broker's common law duty to continually "advise, guide or direct [Hamilton Wharton and Taylor] relative to coverage . . . ." (TPD Mem. 32.) The issue in this case however, is not whether Third-Party Defendants had a continuing duty to advise, guide or direct its insured, but

---

[4] A second, separate policy was procured by the insured in One Beacon, however it contained different terms, and was not the subject of the suit.

rather, as alleged in the Third-Party Complaint, whether they breached their contract and were negligent in failing to consider the appropriateness of Westport's E&O insurance in light of the nature of Hamilton Wharton's business when the Policy was issued and renewed. (Third-Party Compl. ¶¶ 27, 29, 33-40.)

New York courts have held that "[a]n insurance agent or broker can be held liable in negligence if he or she fails to exercise due care in an insurance brokerage transaction. Thus, a plaintiff may seek to hold a defendant broker liable under a theory of either negligence or breach of contract."[5] Bruckmann, Rosser, Sherrill & Co., L.P. v. March USA, Inc., 65 A.D.3d 865, 866 (1st Dep't 2009); see also Katz v. Tower Ins. Co. of New York, 34 A.D.3d 432, 432 (2d Dep't 2006) (an insurance broker may be held liable under a theory of negligence for failing to procure insurance by proof that it failed to exercise due care in the transaction). Since Third-Party Defendants have not identified any insufficiency in the causes of action pled in the Third-Party Complaint, their Motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted must be denied.

## CONCLUSION

Both the law in New York, and the language of FED. R. CIV. P. 14(a) itself, dictate that Third-Party Plaintiffs' claims should not be barred as premature because they are contingent. Nor ought they to be deemed time barred under the six-year statute of limitations for breach of contract, which only began to run in 2006 when the Policy was renewed. Furthermore, Third-Party Defendants have not shown that the Third-Party Plaintiffs' claims are insufficiently pled.

---

[5] Despite Third-Party Defendants' strenuous contentions to the contrary, (see TPD Mem. 33-34,) when an insured has made an explicit request for coverage – as was made by Third-Party Plaintiffs (see Third-Party Compl. ¶¶ 26-27, 33-40) – the broker's liability exists, even where "the [insured] had ample time yet failed to read the policy. . . ." Reilly v. Progressive Ins. Co., 288 A.D.2d 365, 366 (2d Dep't 2001).

Therefore, their Motion to dismiss the Third-Party Complaint pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) should be denied.

Dated: New York, New York
       December 3, 2010

                                        Respectfully submitted,

                                        STROOCK & STROOCK & LAVAN LLP

                                        By:   /s/_____
                                                 Kevin L. Smith
                                                 Jeremy S. Rosof
                                                 Derek I.A. Silverman
                                        *Attorneys for Third-Party Plaintiffs*
                                        *The Hamilton Wharton Group, Inc. and*
                                        *Walter B. Taylor, individually*
                                        180 Maiden Lane
                                        New York, New York 10038
                                        (212) 806-5400