UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> THE HAMILTON WHARTON GROUP, INC., ) <br> WALTER B. TAYLOR, individually, ) <br> ) <br> and ) <br> ) <br> INTER-COMMUNITY MEMORIAL ) <br> HOSPITAL OF NEWFANE, INC., et al., ) <br> ) <br> Defendants. ) | Case No. 10 CV 2188 (RMB) (THK) |

------------------------------------------------------------

## AFFIDAVIT OF JAMES W. KIENZLE

James W. Kienzle declares, under penalty of perjury, as follows:

1. I am an attorney-at-law, duly admitted to practice in the State of Illinois and admitted *pro hac vice* in this Court, and an associate of the law firm Walker Wilcox Matousek LLP, attorneys for plaintiff Westport Insurance Corporation ("Westport" or "Plaintiff") in the captioned action.

2. I submit this affidavit in support of Westport's Opposition in Response to Defendants' The Hamilton Wharton Group, Inc.'s and Walter B. Taylor's (collectively "Defendants") Motion for Summary Judgment.

3. I make this affidavit pursuant to Federal Rule of Civil Procedure 56(f).

4. I have personal knowledge of the matters stated herein.

5. Westport propounded written discovery on Defendants The Hamilton Wharton Group, Inc. and Walter B. Taylor (collectively, "Hamilton Wharton") on October 12, 2010. A

{File: 00234480.DOCX / }

true and accurate copy of Westport's First Set of Interrogatories and Requests for Production of Documents to Hamilton Wharton are attached hereto as Exhibit 1.

6. Hamilton Wharton issued their Objections and Responses to Westport's discovery requests on November 30, 2010. A true and accurate copy of Hamilton Wharton's Objections and Responses are attached hereto as Exhibit 2.

7. Hamilton Wharton did not produce any documents with its Objections and Responses nor did it advise Westport of a date when it would produce responsive documents.

8. Hamilton Wharton has not produced any documents in this litigation nor has it produced any witnesses for deposition.

9. In fact, no depositions have been taken yet in this case.

10. By letter dated August 23, 2010, Hamilton Wharton formally requested and was granted a pre-motion conference before this Court on the issue of whether Westport's current declaratory judgment action is premature. A true and correct copy of Defendants' August 23, 2010 letter is attached hereto as Exhibit 3.

11. Hamilton Wharton ultimately elected to move for summary judgment at this time, even though very little discovery has been completed.

12. Hamilton Wharton filed its summary judgment motion on October 29, 2010.

13. Hamilton Wharton moved for summary judgment, in part, for a ruling that Westport has a duty to defend it in certain state court litigation which alleges that Hamilton Wharton grossly mismanaged the New York Healthcare Facilities Workers' Compensation Trust (the "Trust"), resulting in a deficit to the Trust of over $30 million.

14. The main thrust of Hamilton Wharton's motion for summary judgment on the duty to defend disputes Westport's position that the Policy Westport issued to Hamilton Wharton

covers only those activities undertaken by Hamilton Wharton in its capacity as an insurance agent or broker, not the activities alleged in the underlying complaints regarding Hamilton Wharton's mismanagement of the Trust.

15. Thus, Hamilton Wharton attempts to establish in its moving papers that its activities as the "administrator" of the Trust at issue in the underlying litigation fall within the scope of professional insurance agent or broker services set forth in the Insuring Agreement of the Policy.

16. Notwithstanding the fact that it has produced no documents to date regarding the work performed by Hamilton Wharton for the Trust (and no documents whatsoever) and not a single deposition has gone forward, Hamilton Wharton has submitted evidence to the Court from its own witnesses, including testimony, and has submitted documents, in support of its Motion for Summary Judgment.

17. For example, Hamilton Wharton submitted a detailed Declaration of its principal Walter B. Taylor dated October 27, 2010 in support of its motion ("Taylor Declaration"). Mr. Taylor's Declaration comprises twenty-eight paragraphs and attaches over 220 pages of exhibits.

18. A main point of Hamilton Wharton's motion on the duty to defend is premised on Paragraph 10 of the self-serving Taylor Declaration which states, in part, "None of the services I rendered to the Trust could have been performed by me without a New York State insurance broker's license. Indeed, the services that I provided to the Trust were those of an insurance broker and limited agent of the Trust." Paragraph 10 of Taylor's Declaration does not attach or reference any documents to support its content.[1]

---

[1] Westport also moves to strike the Taylor Declaration as improper and because it lacks the proper foundation; it asserts impermissible lay opinion and/or asserts an impermissible legal

{File: 00234480.DOCX / }

19. Hamilton Wharton relies heavily on the Taylor Declaration in support of its argument that its conduct falls within the scope of coverage of the Policy.

20. Yet, Westport has not had the opportunity to cross-examine Mr. Taylor to probe the statements he made in his Declaration or to undertake any other discovery whatsoever to attempt to raise facts to dispute Taylor's statements, such as a deposition of Mr. Taylor (or other witnesses) or a review of Hamilton Wharton's or the Trust's documents regarding the work Hamilton Wharton performed that is at issue in this matter.

21. In addition, Hamilton Wharton's counsel has also submitted an Declaration which likewise attaches nearly 200 pages of exhibits, most of which are outside the record in this case. (*See, e.g.*, Exhibit A to Declaration of Kevin Smith dated October 29, 2010, June 2010 Task Force on Group Self-Insurance Report to Governor Paterson and the New York State Legislature, and, Exhibit F, Affirmation in Support of Third-Party Defendants' Motion to Dismiss, filed in *State of New York Workers' Compensation Board v. A&T Healthcare, LLC, et al*, Index No. L00076-08, Supreme Court of New York, County of Albany).[2]

22. Westport has had no opportunity whatsoever to discover facts essential to its opposition with respect to the evidence submitted by Hamilton Wharton regarding the conduct undertaken by Hamilton Wharton with respect to the Trust, such as by a review of Hamilton Wharton's and the Trust's documents and depositions of witnesses which would reflect the nature and extent of the activity Hamilton Wharton undertook.

23. Such documents and witnesses are in the exclusive possession, custody and control of Hamilton Wharton and without such discovery Westport is unable to probe the factual conclusion thereby invading the province of this Court. *See, Larouche v. Webster*, 175 F.R.D. 452, 455 (S.D.N.Y. 1996).

---

[2] Westport also moves to strike Exhibit A to the Smith Declaration on the basis that it is improper hearsay, lacks a proper foundation and is irrelevant.

{File: 00234480.DOCX / }

4

assertions made by Hamilton Wharton in its motion or to marshal evidence to dispute the facts asserted.

24.     Westport is prejudiced in its ability to oppose Hamilton Wharton's summary judgment motion on the duty to defend because Hamilton Wharton has not produced any documents or witnesses for deposition.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 3, 2010
       Chicago, IL                                  _____
                                                            James W. Kienzle