UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
WESTPORT INSURANCE CORPORATION,    )
                                   )
                    Plaintiff,     )
vs.                                )     Case No. 10 CV 2188 (RMB) (THK)
                                   )
THE HAMILTON WHARTON GROUP, INC.,  )
WALTER B. TAYLOR, individually,    )
                                   )
and                                )
                                   )
INTER-COMMUNITY MEMORIAL           )
HOSPITAL OF NEWFANE, INC., et al., )
                                   )
                    Defendants.    )
-----------------------------------------------------------------

### WESTPORT INSURANCE CORPORATION'S RESPONSE TO DEFENDANTS' RULE 56.1 STATEMENT OF MATERIAL FACTS AND STATEMENT OF ADDITIONAL MATERIAL FACTS

Plaintiff, Westport Insurance Corporation ("Westport"), submits its response to Defendants' Rule 56.1 Statement of Material Facts, and states as follows:

I.   THE PARTIES

1.   Admit.

2.   Admit that Defendant The Hamilton Wharton Group, Inc. ("Hamilton Wharton") is a New York corporation with its principal place of business located at 110 Wall Street, New York, New York. The remaining statements in paragraph 2 are based on improper factual and legal conclusions in Taylor's Declaration as to the services provided by Hamilton Wharton, and as such the statements are unsubstantiated, without support and Westport has no obligation to respond to them. *See Larouche v. Webster,* 175 F.R.D. 452, 455 (S.D.N.Y. 1996) ("When ultimate facts and legal conclusions appear in an affidavit, such extraneous material should also

1

be disregarded by the court.") Moreover, for these reasons, the statements in Taylor's Declaration and paragraph 2 should be stricken from the record and disregarded by the court.

Further responding, Westport states that it has not had the opportunity to cross-examine Mr. Taylor to probe the statements he made in his declaration or to undertake any other discovery whatsoever to attempt to raise facts to dispute Taylor's statements. See, Affidavit of James Kienzle, dated December 3, 2010 (hereafter "Kienzle Aff.") ¶ 20. In addition, no party has produced any documents in this litigation whatsoever, nor have any depositions been conducted, all of which would bear on the facts asserted in paragraph 2. As a result, at present, Westport is without crucial information and discovery necessary to establish facts to dispute those alleged in paragraph 2. Westport therefore submits that on the current, incomplete record, any adjudication of the issues raised in Hamilton Wharton's Motion for Summary Judgment is premature and would potentially greatly prejudice Westport.

3. Admit.

4. The statement in paragraph 4 is not a statement of fact, but a statement based on improper factual and legal conclusions in Taylor's Declaration (¶3) as to Taylor's status as a licensed insurance broker in the State of New York, and as such the statement is unsubstantiated, without support and Westport has no obligation to respond to it. *See Larouche v. Webster,* 175 F.R.D. 452, 455 (S.D.N.Y. 1996) ("When ultimate facts and legal conclusions appear in an affidavit, such extraneous material should also be disregarded by the court.") For these reasons, the statement in Taylor's Declaration and paragraph 4 should be stricken from the record and disregarded by the court.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Admit.

26. Admit.

27. Admit.

28. Admit.

29. Admit.

30. Admit.

31. Admit.

32. Admit.

33. Admit.

34. Admit.

35. Admit.

36. Admit.

37. Admit.

II. THE NEW YORK HEALTH CARE FACILITIES WORKERS' COMPENSATION TRUST

38. Admit.

39. The statement in paragraph 39 is not a statement of fact, but a statement based on improper factual and legal conclusions in Taylor's Declaration as to the services provided to the Trust, and as such the statement is unsubstantiated, without support and Westport has no obligation to respond to it. *See Larouche v. Webster,* 175 F.R.D. 452, 455 (S.D.N.Y. 1996) ("When ultimate facts and legal conclusions appear in an affidavit, such extraneous material should also be disregarded by the court.") For these reasons, the statement in Taylor's Declaration and paragraph 39 should be stricken from the record and disregarded by the court.

Further responding, Westport states that it has not had the opportunity to cross-examine Mr. Taylor to probe the statements he made in his declaration or to undertake any other discovery to attempt to raise facts to dispute Taylor's statements. Kienzle Aff. ¶ 20. In addition, no party has produced any documents in this litigation whatsoever, nor have any depositions been conducted, all of which would bear on the facts asserted in paragraph 39. As a result, at present, Westport is without crucial information and discovery necessary to establish

4

facts to dispute those alleged in paragraph 39. Westport therefore submits that on the current, incomplete record, any adjudication of the issues raised in Hamilton Wharton's Motion for Summary Judgment is premature and would potentially greatly prejudice Westport.

40. The statement in paragraph 40 is not a statement of fact, but a statement based on improper factual and legal conclusions in an inadmissible document, and as such the statement is unsubstantiated, without support and Westport has no obligation to respond to it. *See Larouche v. Webster,* 175 F.R.D. 452, 455 (S.D.N.Y. 1996) ("When ultimate facts and legal conclusions appear in an affidavit, such extraneous material should also be disregarded by the court.") Further, the statement in paragraph 40 is a quote from a report that post-dates the conduct at issue by approximately five years and is therefore irrelevant. Further, the quoted report is inadmissible because it lacks foundation and contains improper hearsay. The referenced exhibit and paragraph 40 thus should be stricken from the record and disregarded by the court. For these reasons, Westport has no obligation to respond to the statement in Paragraph 40.

Further responding, Westport states that it has not had the opportunity to undertake any discovery to attempt to raise facts to dispute the statements in paragraph 40. Kienzle Aff. ¶ 20. In addition, no party has produced any documents in this litigation whatsoever, nor have any depositions been conducted, all of which would bear on the facts asserted in paragraph 40. As a result, at present, Westport is without crucial information and discovery necessary to establish facts to dispute those alleged in paragraph 40. Westport therefore submits that on the current, incomplete record, any adjudication of the issues raised in Hamilton Wharton's Motion for Summary Judgment is premature and would potentially greatly prejudice Westport.

41. The statement in paragraph 41 is not a statement of fact, but an improper factual and legal conclusion and improper lay opinion as to the "typical" responsibilities delegated to the

5

group administrator of a trust, and as such the statement is unsubstantiated, without foundation and Westport has no obligation to respond to it. *See Larouche v. Webster,* 175 F.R.D. 452, 455 (S.D.N.Y. 1996) ("When ultimate facts and legal conclusions appear in an affidavit, such extraneous material should also be disregarded by the court.") For these reasons, the statement in Taylor's Declaration and paragraph 41 should be stricken from the record and disregarded by the court.

Further responding, Westport states that it has not had the opportunity to cross-examine Mr. Taylor to probe the statements he made in his declaration or to undertake any other discovery to attempt to raise facts to dispute Taylor's statements. Kienzle Aff. ¶ 20. In addition, no party has produced any documents in this litigation whatsoever, nor have any depositions been conducted, all of which would bear on the assertions in paragraph 41. As a result, at present, Westport is without crucial information and discovery necessary to establish facts to dispute those alleged in paragraph 41. Westport therefore submits that on the current, incomplete record, any adjudication of the issues raised in Hamilton Wharton's Motion for Summary Judgment is premature and would potentially greatly prejudice Westport.

42. The statement in paragraph 42 is based on improper factual and legal conclusions in Taylor's Declaration as to Hamilton Wharton's responsibilities to the Trust, and as such the statement is unsubstantiated, without support and Westport has no obligation to respond to it. *See Larouche v. Webster,* 175 F.R.D. 452, 455 (S.D.N.Y. 1996) ("When ultimate facts and legal conclusions appear in an affidavit, such extraneous material should also be disregarded by the court.") For these reasons, the statement in Taylor's Declaration and paragraph 42 should be stricken from the record and disregarded by the court.

Further responding, Westport states that it has not had the opportunity to cross-examine Mr. Taylor to probe the statements he made in his declaration or to undertake any other discovery to attempt to raise facts to dispute Taylor's statements. Kienzle Aff. ¶ 20. In addition, no party has produced any documents in this litigation whatsoever, nor have any depositions been conducted, all of which would bear on the assertions in paragraph 42. As a result, at present, Westport is without crucial information and discovery necessary to establish facts to dispute those alleged in paragraph 42. Westport therefore submits that on the current, incomplete record, any adjudication of the issues raised in Hamilton Wharton's Motion for Summary Judgment is premature and would potentially greatly prejudice Westport.

43.  The statement in paragraph 43 is based on improper factual and legal conclusions in Taylor's Declaration as to "decision-making authority" for the Trust, and as such the statement is unsubstantiated, without support and Westport has no obligation to respond to it. *See Larouche v. Webster,* 175 F.R.D. 452, 455 (S.D.N.Y. 1996) ("When ultimate facts and legal conclusions appear in an affidavit, such extraneous material should also be disregarded by the court.") For these reasons, the statement in Taylor's Declaration and paragraph 43 should be stricken from the record and disregarded by the court.

Further responding, Westport states that it has not had the opportunity to cross-examine Mr. Taylor to probe the statements he made in his declaration or to undertake any other discovery to attempt to raise facts to dispute Taylor's statements. Kienzle Aff. ¶ 20. In addition, no party has produced any documents in this litigation whatsoever, nor have any depositions been conducted, all of which would bear on the assertions in paragraph 43. As a result, at present, Westport is without crucial information and discovery necessary to establish facts to dispute those alleged in paragraph 43. Westport therefore submits that on the current,

incomplete record, any adjudication of the issues raised in Hamilton Wharton's Motion for Summary Judgment is premature and would potentially greatly prejudice Westport.

    44. Admit.

    45.    The statements in paragraph 45 are improper factual and legal conclusions and improper lay opinion in Taylor's Declaration as to the services rendered to the Trust and as such the statements are unsubstantiated, without support and Westport has no obligation to respond to it. *See Larouche v. Webster,* 175 F.R.D. 452, 455 (S.D.N.Y. 1996) ("When ultimate facts and legal conclusions appear in an affidavit, such extraneous material should also be disregarded by the court.") For these reasons, the statement in Taylor's Declaration and paragraph 45 should be stricken from the record and disregarded by the court.

    Further responding, Westport states that it has not had the opportunity to cross-examine Mr. Taylor to probe the statements he made in his declaration or to undertake any other discovery to attempt to raise facts to dispute Taylor's statements. Kienzle Aff. ¶ 20. In addition, no party has produced any documents in this litigation whatsoever, nor have any depositions been conducted, all of which would bear on the assertions in paragraph 45. As a result, at present, Westport is without crucial information and discovery necessary to establish facts to dispute those alleged in paragraph 45. Westport therefore submits that on the current, incomplete record, any adjudication of the issues raised in Hamilton Wharton's Motion for Summary Judgment is premature and would potentially greatly prejudice Westport.

III.    UNDERLYING LAWSUITS

    46.    Admit.

    47.    Admit.

    48.    Admit.

49. Admit.

50. Admit.

51. Admit.

52. Admit that the allegations described account for some but not all of the allegations contained in the Underlying Actions.

53. Admit.

54. Admit.

55. Admit.

56. Admit that paragraph 165 of the Niagara Complaint contains the quoted language.

57. Admit.

58. Admit.

IV. HAMILTON WHARTON'S POLICY FOR PROFESSIONAL LIABILITY COVERAGE

59. Admit.

60. Admit.

61. The applications submitted by Hamilton Wharton to Westport are written documents which speak for itself and Westport disputes paragraph 61 to the extent it is inconsistent with the documents as written.

62. Admit.

63. Admit.

64. Admit.

65. Admit.

66. Admit.

67. Admit that the terms "Loss," "Wrongful Act," and "Professional Services" are defined in the Insurance Industry Professional Liability Coverage Unit of Westport Policy No. WED4NY006226900.

68. Admit that, correcting for four typographical errors in Defendants' Statement of Undisputed Fact, the Westport Policy No. WED4NY006226900 contains an Insolvency Exclusion, added by Endorsement, that states as follows:

> INSOLVENCY. The financial inability to pay, insolvency, receivership, bankruptcy or liquidation of any insurance company, any Individual Practice Association, Health Maintenance Organization, Preferred Provider Organization, Dental Service Plan, Risk Retention Group, Risk Provider Group, self-insured plan or any pool, syndicate, association, or other combination formed for the purpose of providing insurance or reinsurance, or any healthcare provider or any reinsurer with which the insured directly placed the subject risk; however, this exclusion does not apply if, at the time the insurer placed the subject risk with any of the above-described entities, such entity or entities were rated by AM Best as B+ or higher, or alternatively, such entities were guaranteed by a governmental body or bodies and/or operated by a governmental body or bodies (including but not limited to assigned risk plans, Joint Underwriting Association's, fair plans), or the insured placed the coverage with a County Mutual reinsured by carriers rated B+ or higher. (Taylor Dec., Ex. B.)

69. Admit.

V. THE CURRENT ACTION FOR DECLARATORY RELIEF

70. Admit.

71. Admit.

72. Admit.

73. Admit.

74. Admit.

75. Admit.

76. Admit. Westport's declaratory judgment complaint also asserts the following: the Policy does not provide coverage for any punitive damages incurred (Compl. ¶¶ 84-88); the Policy does not provide coverage for any penalties incurred (Compl. ¶¶ 89-92); and the multiple Underlying Complaints constitute a single Claim subject to one per Claim limit of liability and deductible under the Policy (Compl. ¶¶ 93-97).

77. Admit.

78. Admit except that Defendants' Third-Party Complaint against IAAC, Inc. and the Independent Insurance Agents & Brokers of New York, Inc. is dated August 27, 2010, not August 17, 2010. (Ex. H. to Smith Dec., at 8).

## WESTPORT INSURANCE CORPORATION'S STATEMENT OF ADDITIONAL MATERIAL FACTS

79. The General Terms & Conditions of the Policy provide:

XIII. MULTIPLE INSUREDS, CLAIMS, AND CLAIMANTS

The inclusion of more than one insured in any "claim" or the making of "claims" by more than one person or organization shall not increase the Limits of Liability or the Deductible. Two or more "claims" arising out of a single "wrongful act," as defined in each of the attached "coverage units," or a series of related or continuing "wrongful acts," shall be a single "claim." All such "claims," whenever made, shall be considered first made on the date on which the earliest "claim" was first made arising out of such "wrongful act," as defined in the applicable "coverage unit," and all such "claims" are subject to one Per Claim Limit of Liability and Deductible. (Ex. B to Taylor Dec. at § XIII.)

80. In reservation of rights letters dated January 15, 2009 and March 5, 2010, Westport reserved its rights on the following bases:

    i. that the Underlying Complaints do not trigger the Policy's insuring agreement because the Underlying Complaints do not allege that Defendants Hamilton Wharton or Taylor committed any "wrongful acts" in the rendition of "professional services";

    ii. that the claims arising out of Defendants Hamilton Wharton's or Taylor's activities as a third party administrator are excluded under Exclusion G. of the Policy's Insurance Industry Professional Liability Coverage Unit;

11

  iii. that the claims arise out of the insolvency or the financial inability of the Trust to pay and thus are excluded under the Policy's <u>Insolvency Exclusion</u>;

  iv. that the claims are based on intentional, dishonest, fraudulent, criminal, or malicious conduct and are excluded under <u>Exclusion F.</u> of the Policy's <u>Insurance Industry Professional Liability Coverage Unit</u>;

  v. that the Policy provides no coverage for punitive or exemplary damages; and,

  vi. that the Policy provides no coverage for civil or criminal sanctions, fees, fines, or penalties imposed on any insured. (Ex. H & I to Taylor Dec.)

81. No parties in this declaratory judgment action have produced any documents in response to any discovery requests nor deposed any witnesses. (Kienzle Aff. ¶¶ 8-9.)

82. By letter dated August 23, 2010, Hamilton Wharton formally requested and was granted a pre-motion conference before this Court on the issue of whether Westport's current declaratory judgment action is premature. (Kienzle Aff. ¶ 10.)

83. Plaintiff-Claimants in the Inter-Community Complaint allege that they engaged Mathews Bartlett & Dedecker, Inc. as their insurance broker and Mathews Bartlett received commissions for providing these services. (Ex. D to Taylor Dec. at ¶¶ 125, 127.)

84. Hamilton Wharton and Taylor agreed to provide various administrative functions to the Trust, including developing and promoting marketing materials for advertisements, periodically reviewing specialty vendor proposals for loss control, case management, and safety programs, and performing on-site visitations of prospective new Trust members. (Ex. D to Taylor Dec. at ¶¶ 62, 67; Ex. F to Taylor Dec. at ¶¶ 60, 67; Ex. G to Taylor Dec. at ¶ 33, 40.)

85. The Underlying Complaints allege that Hamilton Wharton and Taylor failed to provide various administrative functions to the Trust, including among other things, to hire an accountant or actuary (Ex. D to Taylor Dec. at ¶ 69; Ex. F to Taylor Dec. at ¶ 74; Ex. G to Taylor Dec. at ¶ 47.), to file federal and state tax returns (Ex. D to Taylor Dec. at ¶¶ 69, 175, 182, 192;

Case 1:10-cv-02188-RMB -THK Document 69 Filed 12/08/10 Page 13 of 13

Ex. F to Taylor Dec. at ¶ 126; Ex. G to Taylor Dec. at ¶ 99.), and to regularly conduct payroll audits. (Ex. D to Taylor Dec. at ¶¶ 89, 117, 175, 182; Ex. F to Taylor Dec. at ¶ 106; Ex. G to Taylor Dec. at ¶ 79.)

86. The Underlying Complaints allege that while Hamilton Wharton and Taylor served as program administrator for the Trust, the Trust also retained the services of a third-party claims administrator. (Ex. D to Taylor Dec. at ¶¶ 53, 93; Ex. F to Taylor Dec. at ¶¶ 85, 123; Ex. G to Taylor Dec. at ¶¶ 58, 96.)

87. According to the participation agreement entered into by the Members of the Trust, the Trust's Members are jointly and severally liable for all obligations under New York's Workers' Compensation Law during the participants' period of membership. (Ex. D to Taylor Dec. at ¶ 45.)

Date: December 3, 2010

Respectfully submitted,

/s/Joyce F. Noyes
*One of the attorneys for Plaintiff*
*Westport Insurance Corporation*

Robert P. Conlon (Admitted *Pro Hac Vice*)
Joyce F. Noyes (Admitted *Pro Hac Vice*)
James W. Kienzle (Admitted *Pro Hac Vice*)
WALKER WILCOX MATOUSEK LLP
225 West Washington Street – Suite 2400
Chicago, Illinois 60606
312-244-6700
Facsimile: 312-244-6800
-and-

Gregg D. Weinstock
GARBARINI & SCHER, P.C.
432 Park Ave. South
New York, NY 10016-7790
212- 689-1113
Facsimile: (212) 725-9630