UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                :

WESTPORT INSURANCE CORPORATION,     :

                                :

       Plaintiff,                   :

                                :

       - against -           :     AMENDED ANSWER WITH
                                :     <u>JURY DEMAND</u>

THE HAMILTON WHARTON GROUP, INC.,    :
WALTER B. TAYLOR, individually,      :

                                :

       - and -              :

                                :

INTER-COMMUNITY MEMORIAL HOSPITAL  :
OF NEWFANE, INC., INTEGRATED CARE   :
SYSTEMS, LLC, A&T HEALTHCARE, LLC,  :    10-CV-2188 (RMB)(THK)
AARON SELIGSON, MARTIN S. ROTHMAN, :
ABRAHAM V. FRIEDMAN, ESTATE OF    :
HERBERT A. ROTHMAN, ESTATE OF    :
BERNARD FEUER, PARTNERS, d/b/a/    :
BROOKHAVEN BEACH HEALTH RELATED  :
FACILITY; AARON SELIGSON, MARTIN S. :
ROTHMAN, ABRAHAM V. FRIEDMAN,   :
ESTATE OF HERBERT A. ROTHMAN,    :
ESTATE OF BERNARD FEUER, PARTNERS, :
d/b/a ROCKVILLE RESIDENCE MANOR;  :
AMERICAN GERI-CARE, INC., BEZALEL  :
NURSING HOME COMPANY, INC., ;     :
CREATIVE LIFESTYLES, INC., PREFERRED :
HEALTH CARE SERVICES INC., n/k/a   :
COTTAGE HOMECARE SERVICES, INC.,  :
EAST NEW YORK URBAN YOUTH CORPS; :
E.R.N.H. a/k/a EAST ROCKAWAY NURSING :
HOME; ELMHURST CARE CENTER, INC.;  :
GEORGE KATZ AND SUZIE KLEIN d/b/a  :
THE NEW BRIGHTON MANOR OF LONG  :
BEACH HOME FOR ADULTS; GREATER  :
NEW YORK HOME CARE SYSTEMS, INC.; :
HIGHLAND CARE CENTER, INC., HUDSON :
VALLEY HOME CARE, INC., KESER    :
NURSING & REHABILITATION CENTER,  :
INC.; LOGAN & LOGAN, INC., f/k/a CEDAR :
LODGE NURSING HOME; NEW SOUTH  :
SHORE MANOR; NEW YORK COUNTY   :
SERVICES REVIEW ORGANIZATION;   :
NYACK MANOR NURSING HOME;     :
OYSTER BAY MANOR SENIOR      :

00871492.1

RESIDENCE, INC., PERSONNEL                          :
MANAGEMENT SERVICES, LLC,;                          :
ROYAL HEALTH CARE SERVICES, INC.;                   :
Paradigm ST. MICHAEL'S HOME;                        :
THE DENNELISSE CORPORATION;                         :
THE ESTATE OF PAUL C. MAGGIO                        :
d/b/a PATCHOGUE NURSING CENTER;                     :
UNIQUE PEOPLE SERVICES, INC.;                       :
UNITED PRESBYTERIAN AND REFORM                      :
ADULT MINISTRIES d/b/a FLUSHING HOUSE; :
PRAXIS HOUSING INITIATIVES, INC..; and       :
PRAXIS HOUSING INITIATIVES d/b/a                    :
THE BARBOUR HOTEL.                                  :
                                                    :
                    Defendants.                     :
                                                    :
--------------------------------------------------------------X

Defendants A & T Healthcare, L.L.C., Bezalel Nursing Home Company, Inc., Creative Lifestyles, Inc., The Dennelisse Corporation, E.R.N.H. Corporation, Inc. d/b/a East Rockaway Progressive Care Facility s/h/a "E.R.N.H. a/k/a East Rockaway Nursing Home," Elmhurst Care Center, Inc., Highland Care Center, Inc., Hudson Valley Home Care, Inc., New Brighton Manor of Long Beach Home For Adults, Inc., New South Shore Manor, Inc., Nyack Manor Nursing Home, Inc., Patchogue Nursing Center, Inc., Royal Health Care Services, Inc., Unique People Services, Inc., Flushing House United Presbyterian & Reformed Adult Ministries, Inc. and New York County Health Services Review Organization, Inc. (hereinafter collectively referred to as "Defendants"), by their undersigned counsel for their Amended Answer to the Complaint for Declaratory Relief (the "Complaint"), allege as follows:

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and refer to the referenced pleadings for their complete contents.

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and refer to the referenced pleadings for their complete contents.

00871492.1                          2

3.      Paragraph 3 of the Complaint states conclusions of law as to which no response is required, but to the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint states conclusions of law as to which no response is required, but to the extent a response is required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.      Admit the allegations contained in paragraph 11 of the Complaint.

12.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.     Admit the allegations contained in paragraph 15 of the Complaint.

16.     Admit the allegations contained in paragraph 16 of the Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19.     Admit the allegations contained in paragraph 19 of the Complaint.

20.     Admit the allegations contained in paragraph 20 of the Complaint.

21.     Admit the allegations contained in paragraph 21 of the Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.     Admit the allegations contained in paragraph 23 of the Complaint.

24.     Admit the allegations contained in paragraph 24 of the Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27.     Admit the allegations contained in paragraph 27 of the Complaint.

28.     Admit the allegations contained in paragraph 28 of the Complaint.

29.     Admit the allegations contained in paragraph 29 of the Complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33.     Admit the allegations contained in paragraph 33 of the Complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35.     Admit the allegations contained in paragraph 35 of the Complaint.

36.     Admit the allegations contained in paragraph 36 of the Complaint.

37.     Admit the allegations contained in paragraph 37 of the Complaint.

38.     Admit the allegations contained in paragraph 38 of the Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40.     With respect to the allegations contained in paragraph 40 of the Complaint, admit, upon information and belief, that defendants The Hamilton Wharton Group, Inc. ("Hamilton Wharton") and Walter B. Taylor ("Taylor") served as Program Administrator of the New York Health Care Facilities Workers' Compensation Trust (the "Trust") from some point in 1997 through some point in 2006, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

41.     Admit, upon information and belief, the allegations contained in paragraph 41 of the Complaint.

42.     Paragraph 42 of the Complaint states conclusions of law as to which no response is required, but to the extent a response is required, Defendants admit, upon information and belief, that the Trust's members are health care facilities, and deny information sufficient to form a belief as to the truth of the remaining allegations contained therein.

43.     With respect to the allegations contained in paragraph 43 of the Complaint, admit that defendants Hamilton Wharton and Taylor had duties and responsibilities to the Trust that were established by written agreements and by operation of law, and deny information sufficient to form a belief as to the truth of the remaining allegations contained therein.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46.     Paragraph 46 of the Complaint states conclusions of law as to which no response is required, but to the extent a response is required, Defendants deny information sufficient to form a belief as to the truth of the remaining allegations contained therein.

47.     With respect to the allegations contained in paragraph 47 of the Complaint, admit that Defendants have received certain assessments from the New York State Workers' Compensation Board, and deny information sufficient to form a belief as to the truth of the remaining allegations contained therein.

48.     With respect to the allegations contained in paragraph 48 of the Complaint, admit that the New York State Workers' Compensation Board has filed an action against certain members of the Trust, and respectfully refer the Court to the Complaint in said action for the contents thereof.

49.     With respect to the allegations contained in paragraph 49 of the Complaint, respectfully refer the Court to the Third-Party Complaint in said action for the contents thereof.

50.     With respect to the allegations contained in paragraph 50 of the Complaint, respectfully refer the Court to the Third-Party Complaint in said action for the contents thereof.

51.     With respect to the allegations contained in paragraph 51 of the Complaint, admit, upon information and belief, that defendants Inter-Community Memorial Hospital of Newfane,

Inc. and Integrated Health Care Systems, LLC have filed an action against defendants Hamilton Wharton and Taylor, and respectfully refer the Court to the Complaint in said action for the contents thereof.

52.     Paragraph 52 of the Complaint states conclusions of law as to which no response is required, but to the extent a response is required, Defendants deny information sufficient to form a belief as to the truth of the remaining allegations contained therein.

53.     Admit, upon information and belief, the allegations contained in paragraph 53 of the Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint.

55.     Admit the allegations contained in paragraph 55 of the Complaint insofar as it is alleged that the Policy is a claims made policy and refer to the Policy for its exact contents with respect to the coverage provided therein.

56.     Admit the allegations contained in paragraph 56 of the Complaint.

57.     Admit the allegations contained in paragraph 57 of the Complaint.

58.     Deny that the allegations contained in paragraph 58 of the Complaint constitute a verbatim quotation of the text of the cited definitions, but admit that the allegations contained in paragraph 58 of the Complaint are substantially the same as the text of the definitions.

59.     Deny that the allegations contained in paragraph 59 of the Complaint constitute a verbatim quotation of the text of the General Terms & Conditions of the Policy, but admit that the allegations contained in paragraph 59 of the Complaint are substantially the same as the text of the General Terms & Conditions of the Policy.

60.     Deny that the allegations contained in paragraph 60 of the Complaint constitute a verbatim quotation of the text of the Insolvency Exclusion, but admit that the allegations

contained in paragraph 60 of the Complaint are substantially the same as the text of the Insolvency Exclusion of the Policy.

61.     Deny that the allegations contained in paragraph 61 of the Complaint constitute a verbatim quotation of the referenced Exclusions, but admit that the allegations contained in paragraph 61 of the Complaint are substantially the same as the text of the referenced Exclusions.

62.     Admit the allegations contained in paragraph 62 of the Complaint.

63.     Admit that Westport agreed to provide defendants Hamilton Wharton and Taylor a defense to the Underlying Complaints and that Westport sent correspondence purporting to reserve its rights, and refer to said correspondence of the complete terms thereof.  Except as admitted, deny the remaining allegations of paragraphs 63 of the Complaint.

64.     Admit that copies of correspondence purporting to reserve rights are attached to the Complaint as Exhibits E, F and G.  Except as admitted, deny the remaining allegations of paragraph 64 of the Complaint.

COUNT I

65.     In response to paragraph 65 of the Complaint, Defendants repeat and reallege each and every response contained in paragraphs 1 through 64 as if fully set forth herein.

66.     Paragraph 66 of the Complaint states legal conclusions as to which no response is required, except that, if a response is required, deny the allegations contained in paragraph 66 of Complaint.

67.     Paragraph 67 of the Complaint states legal conclusions as to which no response is required, except that, if a response is required, deny the allegations contained in paragraph 67 of the Complaint.

68.     Deny the allegations contained in paragraph 68 of the Complaint.

69.     Deny the allegations contained in paragraph 69 of the Complaint.

<u>COUNT II</u>

70.     In response to paragraph 70 of the Complaint, Defendants repeat and reallege each and every response contained in paragraphs 1 through 69 as if fully set forth herein.

71.     Admit the allegations contained in paragraph 71 of the Complaint to the extent that Exclusion E contains the quoted language and refer to Exclusion E for its complete terms.

72.     Paragraph 72 of the Complaint states legal conclusions as to which no response is required, except that, if a response is required, deny the allegations contained in paragraph 72 of the Complaint.

73.     Paragraph 73 of the Complaint states legal conclusions as to which no response is required, except that, if a response is required, deny the allegations contained in paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint state legal conclusions as to which no response is required, except that, if a response is required, deny the allegations contained in paragraph 74 of the Complaint.

<u>COUNT III</u>

75.     In response to paragraph 75 of the Complaint, Defendants repeat and reallege each and every response contained in paragraphs 1 through 74 as if fully set forth herein.

76.     Paragraph 76 of the Complaint states legal conclusions as to which no response is required, except that, if a response is required, deny the allegations contained in paragraph 76 of the Complaint.

77.     Admit the allegations of paragraph 77 of the Complaint to the extent that Exclusion G contains the quoted language and refer to Exclusion G for its complete terms.

78.     Deny the allegations contained in paragraph 78 of the Complaint.

<u>COUNT IV</u>

79.     In response to paragraph 79 of the Complaint, Defendants repeat and reallege each and every response contained in paragraphs 1 through 78 as if fully set forth herein.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint.

81.     Admit the allegations of paragraph 81 of the Complaint to the extent that the Insolvency Exclusion contains the quoted language alleged in truncated excerpt and refer to the Insolvence Exclusion for its complete terms.

82.     Deny knowledge or information sufficient for form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint.

83.     Deny the allegations contained in paragraph 83 of the Complaint.

<u>COUNT V</u>

84.     In response to paragraph 84 of the Complaint, Defendants repeat and reallege each and every response contained in paragraphs 1 through 83 as if fully set forth herein.

85.     Admit the allegations of paragraph 85 of the Complaint.

86.     Admit the allegations of paragraph 86 of the Complaint to the extent that the Policy contains the quoted language and refer to the Policy for the complete terms.

87.     Paragraph 87 of the Complaint state legal conclusions as to which no response is required, except that, if a response is required, deny the allegations contained in paragraph 87 of the Complaint.

88.     Paragraph 88 of the Complaint state legal conclusions as to which no response is required, except that, if a response is required, deny the allegations contained in paragraph 88 of the Complaint.

## COUNT VI

89.    In response to paragraph 89 of the Complaint, Defendants repeat and reallege each and every response contained in paragraphs 1 through 88 as if fully set forth herein.

90.    Admit the allegations of paragraph 90 of the Complaint to the extent that the Policy contains the quoted language and refer to the Policy for the complete terms.

91.    Admit the allegations contained in paragraph 91 of the Complaint.

92.    Deny the allegations contained in paragraph 92 of the Complaint.

## COUNT VII

93.    In response to paragraph 93 of the Complaint, Defendants repeat and reallege each and every response contained in paragraphs 1 through 92 as if fully set forth herein.

94.    Deny the allegations contained in paragraph 94 of the Complaint.

95.    Deny the allegations contained in paragraph 95 of the Complaint.

96.    Deny the allegations contained in paragraph 96 of the Complaint.

97.    Deny the allegations contained in paragraph 97 of the Complaint.

## DEFENSES

98.    Defendants hereby set forth defenses to the Complaint to apprize plaintiff of certain potentially applicable defenses.  By listing any matter as an affirmative defense, Defendants do not assume the burden of proving any matter upon which plaintiff bears the burden of proof under applicable law.

## FIRST AFFIRMATIVE DEFENSE

99.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

100.    The Plaintiff has waived its right or is estopped from denying coverage because of its own acts and omissions, and/or the acts or omissions of its agents.

## THIRD AFFIRMATIVE DEFENSE

101.    The Plaintiff's policy is ambiguous, and the ambiguities should be construed against Westport.

## FOURTH AFFIRMATIVE DEFENSE

102.    The conduct, acts, errors and omissions of defendants Hamilton Wharton and Taylor that form the basis of the Underlying Complaints are professional services insured by the Policy.

## FIFTH AFFIRMATIVE DEFENSE

103.    The Underlying Complaints allege a failure to provide certain professional services as well as ordinary and gross negligence in the provision of such services.    Such allegations are not excluded as "intentional, dishonest, fraudulent, criminal, or malicious conduct" under Exclusion E of the Policy.

## SIXTH AFFIRMATIVE DEFENSE

104.    Upon information and belief, neither defendant Hamilton Wharton nor defendant Taylor acted as the third-party administrator of the Trust.    Upon information and belief, other entities acted as the third-party administrator of the Trust.    Accordingly, Exclusion G of the Policy does not apply to preclude coverage.

## SEVENTH AFFIRMATIVE DEFENSE

105.    The Policy's Insolvency Exclusion excludes coverage for any "claim" or "loss," based upon, arising out of, or attributable to, or directly or indirectly resulting from "[t]he financial inability to pay, insolvency receivership, bankruptcy or liquidation of any insurance company, . . .or any reinsurer with which the insured directly placed the subject risk." Because defendants are not seeking to recover for a claim or loss based upon a third party insurer's financial inability to pay, insolvency, receivership, bankruptcy or liquidation, this exclusion is inapplicable.

### EIGHTH AFFIRMATIVE DEFENSE

106.    The Policy, attached to the Complaint as Exhibit A, provides defendants Hamilton Wharton and Taylor with "insurance industry professional liability" coverage for the matters alleged in the Underlying Complaints.

### NINTH AFFIRMATIVE DEFENSE

107.    Defendants reserve the right to raise other affirmative defenses and allegations upon further investigation and discovery.

### TENTH AFFIRMATIVE DEFENSE

108.    Defendants hereby adopt and incorporate by reference any and all other affirmative defenses asserted or to be asserted by any of the other defendants in the within action to the extent that Defendants may share in such a defense.

### PRAYER FOR RELIEF

WHEREFORE, the answering defendants pray for judgment as follows:

1.    Dismissing with prejudice Plaintiff's Complaint against HWG and Taylor in its entirety;

2.    Declaring that the Policy affords coverage for defendants Hamilton Wharton and Taylor for the matters alleged in the Underlying Complaints; and

3.    For such other relief as this Court deems just and proper.

### JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand a trial by jury in this action of all issues so triable.

Dated:  Lake Success, New York
          December 7, 2010


                         SHAUB, AHMUTY, CITRIN & SPRATT, LLP


                                           /s/
                         By:   _____
                                  Steven J. Ahmuty, Jr. (SA8923)


                              1983 Marcus Avenue
                              Lake Success, New York 11042-1056
                              (516) 488-3300


                         Attorneys for defendants A & T Healthcare, L.L.C.,
                         Bezalel Nursing Home Company, Inc., Creative Lifestyles,
                         Inc., The Dennelisse Corporation, E.R.N.H. Corporation,
                         Inc. d/b/a East Rockaway Progressive Care Facility s/h/a
                         "E.R.N.H. a/k/a East Rockaway Nursing Home," Elmhurst
                         Care Center, Inc., Highland Care Center, Inc., Hudson
                         Valley Home Care, Inc., New Brighton Manor of Long
                         Beach Home For Adults, Inc., New South Shore Manor,
                         Inc., Nyack Manor Nursing Home, Inc., Patchogue Nursing
                         Center, Inc., Royal Health Care Services, Inc., Unique
                         People Services, Inc., Flushing House United Presbyterian
                         & Reformed Adult Ministries, Inc. and New York County
                         Health Services Review Organization, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

WESTPORT INSURANCE CORPORATION,

                          Plaintiff,                    Case No. 10 CV 2188 (RMB)(THK)

        - against -

THE HAMILTON WHARTON GROUP, INC.,
WALTER B. TAYLOR, individually,

        - and -

INTER-COMMUNITY MEMORIAL
HOSPITAL OF NEWFANE, INC., et al.

                          Defendants.
_____

AMENDED ANSWER TO COMPLAINT FOR DECLARATORY RELIEF
_____

SHAUB, AHMUTY, CITRIN & SPRATT, LLP

Attorneys for Defendants A & T Healthcare, L.L.C., Bezalel Nursing Home
Company, Inc., Creative Lifestyles, Inc., The Dennelisse Corporation, E.R.N.H.
Corporation, Inc. d/b/a East Rockaway Progressive Care Facility s/h/a "E.R.N.H.
a/k/a East Rockaway Nursing Home," Elmhurst Care Center, Inc., Highland Care
Center, Inc., Hudson Valley Home Care, Inc., New Brighton Manor of Long
Beach Home For Adults, Inc., New South Shore Manor, Inc., Nyack Manor
Nursing Home, Inc., Patchogue Nursing Center, Inc., Royal Health Care Services,
Inc., Unique People Services, Inc. and Flushing House United Presbyterian &
Reformed Adult Ministries, Inc.

Office and Post Office Address
1983 Marcus Avenue
Lake Success, NY 11042-1056
Telephone (516) 488-3300
_____

_____