UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ x
WESTPORT INSURANCE CORPORATION,    :
                                   :
                        Plaintiff, :   Case No. 10 CV 2188 (RMB) (THK)
                                   :
v.                                 :
                                   :
THE HAMILTON WHARTON GROUP, INC.,  :
WALTER B. TAYLOR, individually,    :
                                   :
and                                :
                                   :
INTER-COMMUNITY MEMORIAL           :
HOSPITAL OF NEWFANE, INC., et al., :
                                   :
                       Defendants. :
------------------------------ x
                                   :
THE HAMILTON WHARTON GROUP, INC. and :
WALTER B. TAYLOR, individually,    :
                                   :
             Third-Party Plaintiffs,:
                                   :
v.                                 :
                                   :
IAAC, Inc., and INDEPENDENT INSURANCE :
AGENTS & BROKERS OF NEW YORK, INC. :
                                   :
             Third-Party Defendants.:
------------------------------ x

[Stamp: USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: / DATE FILED: 12/16/10]

## STIPULATION AND PROTECTIVE ORDER

This matter having come before the Court by stipulation of Westport Insurance Corporation ("Westport"), Defendants The Hamilton Wharton Group, Inc. and Walter B. Taylor (hereinafter collectively referred to as "Hamilton Wharton"), Defendants Praxis Housing Initiatives, Inc. and Praxis Housing Initiatives d/b/a The Barbour Hotel (hereinafter collectively referred to as "the Praxis Defendants"), Defendants Inter-Community Memorial Hospital of Newfane, Inc. n/k/a Eastern Niagara Hospital, Inc. and Integrated Care Systems LLC (hereinafter

1

collectively referred to as "the Integrated Defendants"), and Defendants A & T Healthcare, LLC, Bezalel Nursing Home Company, Inc., Creative Lifestyles, Inc., The Dennelisse Corporation, E.R.N.H. Corporation, Inc. d/b/a/ East Rockaway Progressive Care Facility s/h/a "E.R.N.H. d/k/a East Rockaway Nursing Home," Elmhurst Care Center, Inc., Highland Care Center, Inc., Hudson Valley Home Care, Inc., New Brighton Manor of Long Beach Home For Adults, Inc., New South Shore Manor, Inc., New York County Health Services Review Organization, Inc., Nyack Manor Nursing Home, Inc., Patchogue Nursing Center, Inc., Royal Health Care Services, Inc., Unique People Services, Inc., and Flushing Home United Presbyterian & Reformed Adult Ministries, Inc. (hereinafter collectively referred to as "the Nursing Home Defendants") and Third-Party Defendants IAAC, Inc., and Independence Insurance Agents and Brokers of New York, Inc. (Plaintiff, Defendants and Third-Party Defendants, collectively, "the Parties"), for the entry of a protective order (i) pursuant to Fed. R. Evid. 502(d) preventing waiver in certain circumstances of the attorney-client privilege or work-product protection, and (ii), pursuant to Fed. R. Civ. P. 26(c), limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by any party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the Parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

    IT IS hereby ORDERED that:

    1. If, in connection with the pending litigation, a party (the "Disclosing Party") discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Disclosed Protected Information"), pursuant to Fed. R. Evid. 502(d), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or

forfeiture of any claim of privilege or work-product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter.

2. A Disclosing Party may assert in writing attorney-client privilege or work-product protection with respect to Disclosed Protected Information. The Receiving Party shall, within five (5) business days of receipt of that writing, return or destroy all copies of the Disclosed Protected Information and provide a certification of counsel that all such Disclosed Protected Information has been returned or destroyed.

3. Within five (5) business days of the notification that such Disclosed Protected Information has been returned or destroyed, the Disclosing Party shall produce a privilege log with respect to the Disclosed Protected Information.

4. The Receiving Party may move the Court for an Order compelling production of the Disclosed Protected Information (a "Privilege Motion"). The Privilege Motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

5. The Disclosing Party retains the burden of establishing the privileged or protected nature of any Disclosed Protected Information. Nothing in this paragraph shall limit the right of any party to petition the Court for an in camera review of the Disclosed Protected Information.

6. If, at trial, at a hearing, at a deposition, or on a motion, a Disclosing Party marks for identification or offers into evidence Disclosed Protected Information or proffers or elicits testimonial or other evidence that incorporates or relies on Disclosed Protected Information, including evidence within Fed. R. Evid. 703—that act shall be deemed to effect a

3

waiver and forfeiture by the Disclosing Party of attorney-client privilege and work product protection that would otherwise apply to undisclosed information concerning the same subject matter, within Fed. R. Evid. 502(a). The preceding sentence shall not apply to (i) proceedings to determine whether the Disclosed Protected Information is privileged or protected or subject to discovery or disclosure, or (ii) Disclosed Protected Information that is marked for identification, offered into evidence, or incorporated in evidence proffered or elicited by an adverse party, or relied on by a witness proffered by an adverse party.

7. Any party may designate documents produced, or testimony given, in connection with this action as "Confidential." "Confidential" documents and testimony shall mean all documents and testimony, and all information contained therein, and other information designated as confidential, if such documents or testimony contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

8. The designation of documents as "Confidential" shall be made by stamping or writing the word "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the face of the copy of the document delivered by the producing party to the requesting party. If the volume of Confidential information is large, a producing party may designate an entire document production as "CONFIDENTIAL" by advising all Parties in writing of such designation. A producing party may wait and mark as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" only those documents selected by the requesting party for photocopy.

9. Any party or person giving deposition testimony or counsel for a party in this action may designate such testimony or any portion thereof, or deposition exhibits or any portion thereof, as Confidential by advising the reporter and all Parties of such designation during the deposition. Transcripts of deposition testimony designated as "Confidential" shall be marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, Case No. 10-CV-02188, S.D.N.Y." on each page. Testimony at trial or hearings relating to Confidential information shall proceed in accordance with whatever specific rulings and orders are issued by the Court at that time.

10. Any information obtained from material or information properly designated as "Confidential" (hereinafter, "Confidential Information") is also protected from public dissemination by this Stipulation and Protective Order.

11. No party shall be obligated to challenge the propriety of a designation of any document or information as "Confidential" at the time made, and a failure to do so immediately shall not preclude a subsequent challenge thereto. In the event that either party disagrees with the other party's designation of any document or information as "Confidential," the Parties shall first attempt to resolve the dispute by meeting and conferring. If the dispute is not resolved through the meet-and-confer process, the objecting party may move the Court for an order declassifying the document or information that is the subject of the dispute. If no such motion is filed, such document or information shall continue to be treated as Confidential. If such motion is filed, the documents or information shall be deemed Confidential unless and until the Court rules otherwise.

12. Failure of a party to challenge a designation of "Confidential" shall not be construed as an admission that the document or the Confidential Information it contains actually is "Confidential."

13. Confidential documents and Confidential Information subject to this Stipulation and Protective Order shall be used solely in connection with this action in the manner specified herein. All such documents and information shall be maintained by the Parties to this action in a confidential manner and may be used in connection with this action, any directly related appeals, and related reinsurance matters, actions, arbitrations or litigation if any. Persons receiving or requesting Confidential documents or Confidential Information subject to this Stipulation and Protective Order shall not use or advocate the use of such documents or information in any other action or litigation (unless obtained from sources other than this litigation). Nothing herein shall prejudice the rights of the signatories hereto to seek to obtain and use Confidential documents or Confidential Information from the producing party in either the action commenced by defendants Intercommunity Memorial Hospital of Newfane, Inc. and Integrated Care Systems, LLC in Niagara County (Index Number 133991/2008) or in the Albany County action commenced by the New York State Workers Compensation Board, including third-party actions commenced therein (Index Number 00076-08). The use of any such documents or information produced in those actions shall be subject to the terms of confidentiality or protective order(s) entered in those actions, if any.

14. Except with the prior written consent of the producing party or by order of the Court, material designated as "Confidential," and Confidential Information as defined herein, shall be inspected by or made available solely to:

(a)     personnel of the Parties to this lawsuit actually engaged in assisting in the preparation of this action for trial or other proceeding herein;

(b)     counsel for the Parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel;

(c)     experts retained to testify at trial or consultants retained or engaged by any party in this action (collectively, "Consultants");

(d)     judicial officers and personnel;

(e)     court reporting services, imaging, copying, and microfilm vendors; and litigation support vendors retained to assist in recording, preserving, organizing, filing, storing, and retrieving documents, information and data in connection with this action (collectively, "Vendors").

(f)     trial and deposition witnesses (and their counsel), provided that such individuals shall not be allowed to retain Confidential Information but may inspect it as necessary for purposes of preparation for examination;

(g)     persons or entities to whom a party in this action has a contractual, legal or regulatory obligation to provide Confidential material, including such governmental authorities responsible for business regulation or taxation, and the insurers, reinsurers, retrocessionaries, reinsurance intermediaries, retrocessionary accountants, and auditors of any party in this action; and

(h)     any other person agreed to by the Parties.

15. Any person who makes any disclosure of Confidential documents or Confidential Information permitted under this paragraph to persons described in paragraph 14, shall advise each such person to whom such disclosure is made concerning their obligations hereunder. Consultants, Vendors, trial and deposition witnesses (and their counsel), and other persons agreed to by the Parties, shall not be provided Confidential documents or Confidential Information without first executing an Acknowledgement in the form of Exhibit A hereto. Counsel for the party obtaining the Acknowledgement shall supply a copy to counsel for the other party at the time of the disclosure of the information required to be disclosed, except that any Acknowledgement signed by a Consultant who is not expected to be called by a witness at trial is not required to be supplied. If a non-party witness (*i.e.*, a person that is not a current employee or expert witness of any party) from whom testimony is being taken has been advised concerning the terms of this Stipulation and Protective Order and refuses to agree to its terms, that witness shall not be provided Confidential documents or Confidential Information by any party except for review during his or her testimony. The witness shall not be entitled to take or retain any Confidential documents or Confidential Information reviewed during his or her testimony.

16. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation and Protective Order during the deposition and for a period of fifteen (15) days after a transcript of said depositions is received by counsel for each of the Parties. At or before the end of such fifteen day period, the deposition shall be classified appropriately.

17. Should the need arise for any of the Parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the

presentation of evidence, such party may do so only after it has provided written notice of its intent to do so to all other parties, where possible, at least seven (7) days prior to such hearing or trial so that the affected party may apply to the Court for adequate protective measures and only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information.

18.     A party may designate as Confidential Information subject to this Stipulation and Protective Order any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the party asserting confidentiality. In the case of deposition testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the party asserting confidentiality. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

19.     To the extent that any party seeks to file documents designated as "Confidential," and/or materials containing or summarizing Confidential Information with the Court in connection with this action, the party shall provide all other Parties with seven (7) days' written prior notice of its intent to file such material with the Court, so that the producing party may file by order to show cause a motion to seal such Confidential Information. The Confidential Information shall not be filed until the Court renders a decision on the motion to

seal. In the event the motion to seal is granted, all documents which are the subject of the order to seal, shall be filed with the Clerk of the Court in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this case and the notation: "FILED UNDER SEAL - CONTAINS CONFIDENTIAL INFORMATION - TO BE OPENED ONLY AS DIRECTED BY THE COURT."

20. If any recipient of Confidential documents or Confidential Information receives a subpoena seeking production or other disclosure of such documents or information, telephonic and written notice thereof shall promptly be given to counsel for all Parties so that the affected party(ies) may apply to the Court for relief in respect of the subpoena.

21. In the event that any recipient of Confidential documents or Confidential Information believes that disclosure of such documents or information is required by law, order of a court or arbitration tribunal, it shall give at least thirty (30) days' written notice (except it shall give immediate notice in the event the disclosure is required in less than thirty (30) days) to the party that produced the Confidential documents or Confidential Information prior to disclosing such information. Such written notice shall set forth the Confidential documents or Confidential Information which it proposes to disclose, the identity of each person to whom the documents or information is to be disclosed, the statute or other legal authority requiring disclosure, the circumstances pursuant to which disclosure is proposed to be made, and a request to consent to such disclosure. If Confidential documents or Confidential Information are to be disclosed pursuant to order of a court or arbitration tribunal in another matter, any disclosure filed must be filed under seal (if permitted by such court, agency or tribunal) and designated subject to this Stipulation and Protective Order.

22. This Stipulation and Protective Order shall not prevent any party from applying to the Court for other or further protective orders, for modifications of this Stipulation and Protective Order upon a showing of good cause, or from agreeing to modifications of this Stipulation and Protective Order. Any such agreed-upon modification shall be in writing, and signed by counsel for all Parties and shall thereafter be submitted to the Court for approval.

23. If a party or its counsel inadvertently produces a document or information that is "Confidential" without designating it as such, that party and/or its counsel may subsequently designate such material as "Confidential" as follows:

> Within 30 calendar days after discovery of its failure to designate, the producing party must give written notice of the inadvertent production without designation and state the reasons for the Confidential designation;
>
> Included with such notice, the producing party shall provide copies of such documents bearing the "Confidential" designation. All parties who received the inadvertently produced Confidential documents or Confidential Information shall, to the extent practicable and reasonable, destroy all copies upon receipt of the replacement production with the Confidential designation.
>
> Nothing in this paragraph shall prohibit a party from seeking appropriate relief

from the Court in the event that any dispute arises relating to the purported inadvertent failure to make a designation of confidentiality.

24. Any party may waive a previously-made "Confidential" designation by informing all other Parties of the waiver in writing and this Stipulation and Protective Order shall no longer apply to such material. The producing party shall provide replacement copies without the "Confidential" designation to all Parties.

25. The duties of confidentiality set forth in this Stipulation and Protective Order shall survive the conclusion of this action. Parties and counsel who receive Confidential documents or information are under a continuing duty to take reasonable measures to protect such documents or information from unauthorized disclosure or dissemination.

26. Nothing herein shall bar any person from the unrestricted use of any document or information obtained from public sources, available through public sources or obtained by means other than through discovery in this action.

27. Nothing herein shall constitute (a) an agreement to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required by a court order; (b) a waiver of any right to object to any discovery request in this action or any other action; or (c) a waiver of any claim of privilege or immunity with regard to any testimony, documents or information.

28. This Stipulation and Protective Order shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation and Protective Order shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

29. This Agreement survives the dismissal, discontinuation or termination of this action.

30. This Stipulation may be executed in counterparts, which, when taken together, shall be deemed to be but one document. Facsimile signatures will be deemed to have the same force and effect as originals of same.

31.  This Stipulation may be submitted to the Court, *ex parte* and without notice, for the purposes of "so-ordering" same.

Dated: New York, New York
       December 14, 2010

*This Order is subject to modification by the Court.*

*T.H.K.*

STROOCK & STROOCK & LAVAN LLP
Attorneys for Defendants Hamilton Wharton
Group, Inc. and Walter B. Taylor, individually

By: _____
       Kevin L. Smith
180 Maiden Lane
New York, New York 10038
(212) 806-5594


GARBARINI & SCHER, P.C.
Attorneys for Plaintiff Westport Insurance Corp.

By: _____
       Gregg D. Weinstock
       William G. Scher
432 Park Avenue South
New York, New York 10016
(212) 689-1113

WALKER WILCOX MATOUSEK LLP
Attorneys for Westport Insurance

By: _____
       Joyce F. Noyes
       Robert P. Conlon
       Bradley Bernau
       James W. Kienzle
225 West Washington St., Ste. 2400
Chicago, IL 60606
(312) 244-6700

13

31. This Stipulation may be submitted to the Court, *ex parte* and without notice, for the purposes of "so-ordering" same.

Dated: New York, New York
       December    , 2010

        STROOCK & STROOCK & LAVAN LLP
        Attorneys for Defendants Hamilton Wharton
          Group, Inc. and Walter B. Taylor, individually

        By: _____
            Kevin L. Smith
        180 Maiden Lane
        New York, New York 10038
        (212) 806-5594


        GARBARINI & SCHER, P.C.
        Attorneys for Plaintiff Westport Insurance Corp.

        By: *[signature]* Gregg D. Weinstock (p/11)
            Gregg D. Weinstock
            William G. Scher
        432 Park Avenue South
        New York, New York 10016
        (212) 689-1113

        WALKER WILCOX MATOUSEK LLP
        Attorneys for Westport Insurance

        By: _____
            Joyce F. Noyes
            Robert P. Conlon
            Bradley Bernau
            James W. Kienzle
        225 West Washington St., Ste. 2400
        Chicago, IL 60606
        (312) 244-6700

31. This Stipulation may be submitted to the Court, *ex parte* and without notice, for the purposes of "so-ordering" same.

Dated: New York, New York
      December   , 2010

        STROOCK & STROOCK & LAVAN LLP
        Attorneys for Defendants Hamilton Wharton
          Group, Inc. and Walter B. Taylor, individually

        By: _____
           Kevin L. Smith
        180 Maiden Lane
        New York, New York 10038
        (212) 806-5594


        GARBARINI & SCHER, P.C.
        Attorneys for Plaintiff Westport Insurance Corp.

        By: _____
           Gregg D. Weinstock
           William G. Scher
        432 Park Avenue South
        New York, New York 10016
        (212) 689-1113

        WALKER WILCOX MATOUSEK LLP
        Attorneys for Westport Insurance

12/14/10

        By: _____
           Joyce F. Noyes
           Robert P. Conlon
           Bradley Bernau
           James W. Kienzle
        225 West Washington St., Ste. 2400
        Chicago, IL 60606
        (312) 244-6700

ZDARSKY SAWICKI & AGOSTINELLI LLP
Attorneys for the Integrated Defendants

By: _____
    David E. Gutowski
    Joseph E. Zdarsky
298 Main St., Ste. 404
Buffalo, New York 14202
(716) 855-3200

MORITT HOCK HAMROFF & HOROWITZ LLP
Attorneys for the Praxis Defendants

By: _____
    Robert L. Schonfeld
400 Garden City Plaza
Garden City, New York 11530
(516) 873-2000

SHAUB, AHMUTY, CITRIN & SPRATT LLP
Attorneys for the Nursing Home Defendants

By: _____
    Steven Ahmuty
    Gerard Rath
    Timothy Capouski
1983 Marcus Avenue
Lake Success, New York 11042
(516) 488-3300

14

ZDARSKY SAWICKI & AGOSTINELLI LLP
Attorneys for the Integrated Defendants

By: _____
     David E. Gutowski
     Joseph E. Zdarsky
298 Main St., Ste. 404
Buffalo, New York 14202
(716) 855-3200

MORITT HOCK HAMROFF & HOROWITZ LLP
Attorneys for the Praxis Defendants

By: _____
     Robert L. Schonfeld
400 Garden City Plaza
Garden City, New York 11530
(516) 873-2000

SHAUB, AHMUTY, CITRIN & SPRATT LLP
Attorneys for the Nursing Home Defendants

By: _____
     Steven Ahmuty
     Gerard Rath
     Timothy Capouski
1983 Marcus Avenue
Lake Success, New York 11042
(516) 488-3300

ZDARSKY SAWICKI & AGOSTINELLI LLP
Attorneys for the Integrated Defendants

By: _____
    David E. Gutowski
    Joseph E. Zdarsky
298 Main St., Ste. 404
Buffalo, New York 14202
(716) 855-3200

MORITT HOCK HAMROFF & HOROWITZ LLP
Attorneys for the Praxis Defendants

By: _____
    Robert L. Schonfeld
400 Garden City Plaza
Garden City, New York 11530
(516) 873-2000

SHAUB, AHMUTY, CITRIN & SPRATT LLP
Attorneys for the Nursing Home Defendants

By: _____
    Steven Ahmuty
    Gerard Rath
    Timothy Capouski
1983 Marcus Avenue
Lake Success, New York 11042
(516) 488-3300

14

KEIDEL WELDON & CUNNINGHAM, LLP
Attorneys for Third-Party Defendants IAAC, Inc. and
Independence Insurance Agents and Brokers of New York, Inc.

By: _____
     Robert Grande
     Darren B. Renner
925 Westchester Avenue, Suite 400
White Plains, New York 10604
(914) 948-7000

12/15/10

**SO-ORDERED:**
_____
**Theodore H. Katz**
**United States Magistrate Judge**

15

## EXHIBIT "A"

## ACKNOWLEDGEMENT

I _____, having an address at _____, hereby attest to my understanding that confidential information or documents are being provided to me pursuant to the terms and conditions of the Stipulation and Protective Order executed in Westport Insurance Corporation, Inc. v. The Hamilton Wharton Group, Inc., et al., Case No. 10-CV-02188 (RMB) (THK) (S.D.N.Y.) (the "Stipulation"). I hereby attest that I have been given a copy of and have read the Stipulation, have had its meaning and effect explained to me by the attorney or attorneys for the defendants or plaintiff, or the attorney or attorneys for the third-party defendants, and that I hereby agree to be bound by it and its terms. I further agree that I shall not disclose to others, except in accordance with the Stipulation and Order, such confidential information or documents, and that such confidential information and documents shall be used only for the purposes of the legal proceeding in which they were produced. I will return all confidential information and documents that come into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received such confidential information or documents. I further agree that the United States District Court for the Southern District of New York has jurisdiction to enforce the terms of the Stipulation and I consent to the jurisdiction of that Court for that purpose.


Signature


Name (typed or printed)


Date