**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

$- - - - - - - - - - - - - - - - - - - - - - - - - -$ x

WESTPORT INSURANCE CORPORATION, :

 :

       Plaintiff, :  Case No. 10 CV 2188 (RMB) (THK)

 :

v. :

 :

THE HAMILTON WHARTON GROUP, INC., :

WALTER B. TAYLOR, individually, :

 :

and :

 :

INTER-COMMUNITY MEMORIAL :

HOSPITAL OF NEWFANE, INC., et al., :

 :

       Defendants. :

$- - - - - - - - - - - - - - - - - - - - - - - - - -$ x

THE HAMILTON WHARTON GROUP, INC. and :

WALTER B. TAYLOR, individually, :

 :

      Third-Party Plaintiffs,:

 :

v. :

 :

IAAC, Inc., and INDEPENDENT INSURANCE :

AGENTS & BROKERS OF NEW YORK, INC. :

 :

      Third-Party Defendants.:

$- - - - - - - - - - - - - - - - - - - - - - - - - -$ x

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSING THE COMPLAINT

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT .......................................................................................................................... 2

POINT I        WESTPORT'S DECLARATORY JUDGMENT ACTION
                IS  PREMATURE UNDER NEW YORK LAW ....................................... 2

        A.     New York law applies to this diversity case. ........................................... 2

        B.     Under New York law, a declaratory judgment action is
              premature if it cannot be determined in advance of trial
              whether common issues of fact and law will be resolved in
              an underlying action. ................................................................................ 3

        C.     Prashker, not Coastal, controls the issue of prematurity in
              this case. .................................................................................................... 4

        D.     If this action is not dismissed as premature, it will likely
              prejudice Hamilton Wharton and Taylor in the Underlying
              Actions. ..................................................................................................... 5

POINT II      WESTPORT HAS A DUTY TO DEFEND THE
                UNDERLYING ACTIONS .......................................................................... 7

        A.     Since the conduct at issue could be considered Professional
              Services, Westport has a clear duty to defend. ...................................... 7

        B.     Adjudication of Westport's duty to defend is ripe. ............................... 9

CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

<b>Page(s)</b>

CASES

Albert J. Schiff Assocites, Inc. v. Flack,
  51 N.Y.2d 692 (1980) ...........................................................................................8

Alfin, Inc. v. Pacific Insurance Co.,
  735 F. Supp. 115 (S.D.N.Y. 1990) ......................................................................2

Broadview Chemical Corp. v. Loctite Corp.,
  417 F.2d 998 (2d Cir. 1969)..................................................................................3

Commercial Union Insurance Co. v. Albert Pipe & Supply,
  484 F. Supp. 1153 (S.D.N.Y. 1980).....................................................................3

Constitution Associates v. New Hampshire Insurance Co.,
  930 P.2d 556 (Col. 1996) .....................................................................................6

Continental Casualty Co. v. Coastal Savings Bank,
  977 F.2d 734 (2d Cir. 1992).........................................................................3, 4, 5

Continental Casualty Co. v. JBS Construction Management Inc.,
  No. 09 Civ. 6697(JSR), 2010 WL 2834898 (S.D.N.Y. July 1, 2010) ...............3, 8, 9

Everlast Sporting Goods Manufacturing Co. v. Aetna Insurance Co.,
  23 A.D.2d 641 (1st Dep't 1965) ......................................................................9, 10

Frontier Insulation Contractors, Inc. v. Merchants Mutual Insurance Co.,
  91 N.Y.2d 169 (1997) ...........................................................................................7

Hartford Fire Insurance Co. v. InterDigital Communications Corp.,
  464 F. Supp. 2d 375 (D. Del. 2006)......................................................................6

Maryland Casualty Co. v. W.R. Grace & Co.,
  No. 88 Civ. 2613 (JSM), 1996 WL 109068 (S.D.N.Y. Mar. 12, 1996) ............3, 4, 5

Montrose Chemical Corp. v. Superior Court,
  861 P.2d 1153 (Cal. 1993) ...................................................................................6

NAP, Inc. v. Shuttletex, Inc.,
  112 F. Supp. 2d 369 (S.D.N.Y. 2000)...................................................................2

National Union Fire Insurnce Co. of Pittsburgh, Pa. v. Thomas M. Madden & Co.,
  813 F. Supp. 1349 (N.D. Ill. 1993) ......................................................................6

Prashker v. U.S. Guaranty Co.,
   1 N.Y.2d 584 (1956) ....................................................................................3, 4, 5

Propis v. Fireman's Fund Insurance Co.,
   112 A.D.2d 734 (4th Dep't 1985) ........................................................................8

Specialty National Insurance Co. v. English Brothers Funeral Home,
   606 F. Supp. 2d 466 (S.D.N.Y. 2009) ..........................................................3, 7, 9, 10

State v. Blank,
   No. 88-CV-163, 1991 WL 208883 (N.D.N.Y. Oct. 10, 1991) ................................................6

Stone & Webster Management Consultants, Inc. v. Travelers Indemnity Co.,
   No. 94 Civ. 6619 (RPP), 1996 WL 539840 (S.D.N.Y. Sept. 24, 1996) ..............................3, 6

Villa Charlotte Bronte, Inc. v. Commercial Union Insurance,
   64 N.Y.2d 846 (1985) ....................................................................................9

OTHER AUTHORITIES

55 A.L.R.5th 681 ..........................................................................................7

Lee. R. Russ & Thomas R. Segalla, Couch on Insurance, § 227:37 (3d ed. 2000) ........................6

## PRELIMINARY STATEMENT

In its Opposition in Response to Defendants' Motion for Summary Judgment ("Pl.'s Mem."), Westport[1] presents a simplistic view of the legal and factual issues underlying the Motion before this Court, ignores applicable precedent, and conflates two separate, yet interrelated duties that insurers owe to their insureds. Westport thus contends that the "pertinent legal and factual issues" in this declaratory action and the Underlying Actions are "markedly different," as the ultimate issue in this action concerns the terms and conditions of the Policy, while the Underlying Actions concern the services of Defendants as Program Administrator and Managing Agent of the Trust. The strict dichotomy Westport posits is untenable. In order to determine whether Defendants' services fall within the terms of the Policy's exclusions, the parties will necessarily need to litigate many of the same facts that are at issue in the Underlying Actions. Westport's myopic and simplistic view of the breadth of the issues implicated in this case, and their relationship to the Underlying Actions, ignores applicable precedents from both this Court and the New York Court of Appeals, which establish that this case is premature. Further, Westport is attempting to shirk its "exceedingly broad" duty to defend these actions, through an unfounded argument that further discovery is required, when New York law is clear that the allegations in the complaints in the Underlying Actions determine whether this broad duty attaches.

This Court should dismiss the instant case as premature, without prejudice to the insurer's rights to seek a declaratory judgment following the conclusion of the Underlying Actions. Further, this Court should hold that Westport must provide a defense to Hamilton Wharton and

---

[1] Terms previously defined in Defendants' Memorandum of Law in Support of Defendants' Motion for Summary Judgment Dismissing the Complaint, dated October 29, 2010 ("Defs.' Mem.") shall have the same meaning in this brief.

Taylor in these Underlying Actions, and that Defendants are entitled to their costs and fees in defending this action brought against them by their own carrier.

## ARGUMENT

### POINT I
### WESTPORT'S DECLARATORY JUDGMENT ACTION IS PREMATURE UNDER NEW YORK LAW

**A.   New York law applies to this diversity case.**

Relying solely on the statement that "Westport initiated this action pursuant to the federal declaratory judgment act, 28. U.S.C. §§ 2201-2202," Westport contends that "the determination of the prematurity issue raised in [Defendants'] motion is governed by federal, rather than state, law." (Pl. Mem. 8.)  This conclusory statement constitutes Westport's entire choice of law analysis, and, consequently, Westport erroneously ignores governing New York cases, which have been applied by both federal and state courts, in determining the very issues that are the subject of Defendants' motion for summary judgment.

The Complaint states that "[t]his Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332," and "[t]here is complete diversity between the parties . . . ."  (Compl. ¶ 3.) When a federal court sits in diversity, it is required to interpret relevant state law of the forum state, whether or not a party is seeking declaratory relief.  See NAP, Inc. v. Shuttletex, Inc., 112 F. Supp. 2d 369, 372 (S.D.N.Y. 2000) ("federal declaratory judgment procedure must yield to the outcome that proper application of state law would indicate"); see also Alfin, Inc. v. Pac. Ins. Co., 735 F. Supp. 115, 118 (S.D.N.Y. 1990) ("[i]nsurance contracts in diversity actions must be interpreted under the applicable state law").  Indeed, the Southern District of New York has repeatedly held, applying New York law, that an action to declare an insurer's duty to indemnify

2

or defend its insured can be premature.[2]  See Cont'l Casualty Co. v. JBS Constr. Mgmt. Inc., No. 09 Civ. 6697(JSR), 2010 WL 2834898, at *2-*6 (S.D.N.Y. July 1, 2010) (citing several New York Court of Appeals and Appellate Division cases); Specialty Nat'l Ins. Co. v. English Bros. Funeral Home, 606 F. Supp. 2d 466, 470-473 (S.D.N.Y. 2009) (same); Stone & Webster Mgmt. Consultants, Inc. v. Travelers Indem. Co., No. 94 Civ. 6619 (RPP), 1996 WL 539840, at *1 (S.D.N.Y. Sept. 24, 1996) (discussing Prashker v. U.S. Guar. Co., 1 N.Y.2d 584 (1956)); Maryland Cas. Co. v. W.R. Grace & Co., No. 88 Civ. 2613 (JSM), 1996 WL 109068, at *6 (S.D.N.Y. Mar. 12, 1996) (same); Commercial Union Ins. Co. v. Albert Pipe & Supply, 484 F. Supp. 1153, 1155 (S.D.N.Y. 1980) (same).

**B.   Under New York law, a declaratory judgment action is premature if it cannot be determined in advance of trial whether common issues of fact and law will be resolved in an underlying action.**

As recognized by this Court in the above cases, the seminal New York case discussing the prematurity of an insurer's declaratory action is Prashker v. U.S. Guarantee Co., 1 N.Y.2d 584 (1956).  In Prashker, the administratrix of a passenger killed in a plane crash sued the administratrix of the plane's pilot, and the corporation that owned the plane. Id. at 587.  The pilot's estate and the corporation thereafter brought an action for declaratory relief against their insurer that the accident was covered by their policy. Id. at 588.  The Court of Appeals found that liability was asserted against the insured parties, "which, if established, would fall within and upon some which would fall without the exclusionary clause in the insurance policy." Id. at 590.  Since "it cannot be ascertained in advance of the trial of these negligence actions which of

---

[2] The cases relied upon by Westport in their opposition to this motion, Broadview Chem. Corp. v. Loctite Corp., 417 F.2d 998 (2d Cir. 1969) and Cont'l Cas. Co. v. Coastal Sav. Bank, 977 F.2d 734 (2d Cir. 1992), are inapposite, as they originated in Connecticut and therefore did not consider the plethora of cases, including many from the Southern District of New York, applying New York law.

these grounds of liability, if any of them, will be adjudicated against these assureds," the Court

held that "it may well be that the insurance company will be held or exonerated in this

declaratory judgment action on a different factual basis from that which will later be established

in the negligence actions." Id. at 590-91. The Court therefore held that the action was premature,

and did not state a presently justiciable issue to be decided by declaratory judgment. Id. at 591.

**C.    Prashker, not Coastal, controls the issue of prematurity in this case.**

Westport relies extensively on Cont'l Cas. Co. v. Coastal Sav. Bank, a case whose

application has previously been rejected by this Court in a factually similar case,[3] in support of

its argument that this action is not premature. (Pl. Mem. 9-11.)  However, as the court in Coastal

itself observed, "the legal and factual issues in the [declaratory action] and state court litigations

[in Coastal] [we]re different." 977 F.2d at 737.  The insured law firm in Coastal was sued in

Connecticut state court over allegations that the firm failed to ensure that existing liens on

properties being sold were paid off, and that it issued title insurance policies that did not exclude

such liens. Id. at 736.  The firm's insurer brought a separate federal action seeking a declaration

that the insurer had no duty to defend or indemnify the law firm, on the basis that the firm made

fraudulent misrepresentations on the policy applications, and that some claims made against the

firm were excluded from coverage as the firm's acts were outside the scope of the policy. Id.

The ultimate issue in the underlying state action in Coastal however was "an easily resolvable

issue" -- i.e., whether the liens existed -- while the issues in the declaratory judgment action were

"more complex," requiring factual development of the attorneys' "actual knowledge of the liens

and deliberate failure to extinguish them." Id. at 737.  Additionally, the alleged wrongful acts in

the performance of professional services were not at issue in the state court actions. Id.

---

[3] See Maryland Cas. Co., 1996 WL 109068, at *5.

The legal and factual issues in the instant action and the Underlying Actions, however, are too interwoven to permit a simple and similar bifurcation.  Westport glibly contends that "the Court here will <u>not</u> be required to establish how and in what manner the services [by Hamilton Wharton to the Trust] were performed . . . ." (Pl. Mem. 13 (emphasis in original).)  However, it is inconceivable that this Court will be able to decide that Defendants' services were not covered "professional services" without first determining, as a necessary predicate, what those services <u>were</u>.  The nature of the services performed by Defendants is at issue in the Underlying Actions, as the plaintiffs in the Underlying Actions are seeking to prove that Defendants had an obligation to perform specific services, and that they were either not performed or were performed negligently.  Since these facts are necessary for a determination of the ultimate issue in this declaratory action, and "th[is] Court will only know if [these issues] will not be determined once the underlying case terminates . . . , <u>Coastal</u> does not control under the different facts of this case." <u>Maryland Cas. Co.</u>, 1996 WL 109068, at *5.  Instead, since "it cannot be ascertained in advance of the trial of these [Underlying Actions]" if Defendants did not perform any required services, or if these services were performed negligently, <u>Prashker</u> controls, and this declaratory action is premature. See <u>Prashker</u>, 1 N.Y.2d at 590.

**D.    If this action is not dismissed as premature, it will likely prejudice Hamilton Wharton and Taylor in the Underlying Actions.**

Westport also "seeks a declaratory judgment that coverage is precluded under the Policy pursuant to an <u>Insolvency Exception</u> because the underlying lawsuits are based on or arise out of the Trust's insolvency." (Pl. Mem. 13.)  In the Underlying Actions, the WCB has asserted that the Trust was insolvent, a fact which the Defendants dispute, and which will be resolved in that lawsuit.  While Westport technically "does not need to prove that Hamilton Wharton, or anyone else for that matter, 'caused the insolvency'" (<u>id.</u>) it will attempt in this case to establish that the

Trust was insolvent.  Naturally, the alleged insolvency of the Trust would have to have been caused by someone – either by Hamilton Wharton, or by the Trust members – so despite Westport's protestations to the contrary, this case may very likely prejudice Defendants in the Underlying Actions to the extent that it is determined here that Defendants' actions contributed to any insolvency.  This possibility of prejudice is a sufficient basis for dismissing this action, as Defendants do not need to demonstrate that they <u>will</u> be prejudiced by the factfinding in this declaratory action, they need merely show that there is a <u>potential</u> for prejudice.[4]

Tellingly, Westport's Opposition does not address this potential for prejudice, which also exists through Westport's attempt to establish that the services Defendants provided were in violation of their agreement with the Trust, or were performed in a negligent or fraudulent manner.  Westport completely ignores that in order to prove that Defendants' conduct falls under the Fraud Exclusion of the Policy, it would necessarily need to prove that Defendants acted fraudulently or committed an intentional act, such as gross negligence, in the performance of services for the Trust.  Besides being inelegant, actions by an insurance company, such as those here, which would prejudice the insured, have been rejected by multiple courts, and likewise warrant a dismissal here.[5]

---

[4] <u>See, e.g.</u>, LEE R. RUSS & THOMAS F. SEGALLA, COUCH ON INSURANCE, § 227:37 (3d ed. 2000) ("Perhaps the most important aspect of declaratory judgments issued before resolution of the underlying tort claim against the insured on whether a given occurrence falls within the coverage of a liability insurance policy is the <u>potential</u> that such an action has to prejudice the insured in the underlying action by the injured third party") (emphasis added).

[5] <u>See</u> <u>Stone & Webster Mgmt. Consultants, Inc. v. Travelers Indem. Co.</u>, No. 94 Civ. 6619 (RPP), 1996 WL 539840, at *2 (S.D.N.Y. Sept. 24, 1996); <u>State v. Blank</u>, No. 88-CV-163, 1991 WL 208883, at *8-10 (N.D.N.Y. Oct. 10, 1991); <u>see also</u> <u>Hartford Fire Ins. Co. v. InterDigital Commc'ns Corp.</u>, 464 F. Supp. 2d 375, 379, 382 (D. Del. 2006); <u>Constitution Assocs. v. New Hampshire Ins. Co.</u>, 930 P.2d 556, 562 (Col. 1996); <u>Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Thomas M. Madden & Co.</u>, 813 F. Supp. 1349, 1353 (N.D. Ill. 1993); <u>Montrose Chemical Corp. v. Superior Court</u>, 861 P.2d 1153, 1162 (Cal. 1993) ("when the third party seeks damages on account of the insured's negligence, and the insurer seeks to avoid providing a defense by

## POINT II
## WESTPORT HAS A DUTY TO DEFEND THE UNDERLYING ACTIONS

**A.     Since the conduct at issue could be considered Professional Services, Westport has a clear duty to defend.**

As Defendants' demonstrated in their opening Memorandum, New York law recognizes that "an insurer has an 'exceedingly broad' duty to defend the insured." English Bros. Funeral Home, 606 F. Supp. 2d at 470 (S.D.N.Y. 2009) (quoting Auto. Ins. Co. of Hartford v. Cook, 7 N.Y.3d 131, 137 (2006)).  Indeed, for an insurer to be relieved of the duty to defend based on a policy exclusion, it "bears the heavy burden of demonstrating that the allegations of the complaint cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision." Frontier Insulation Contractors, Inc. v. Merchs. Mut. Ins. Co., 91 N.Y.2d 169, 175 (1997).

While Westport contends that the term "professional services" encompasses "only those activities that directly involve the issuing, procuring, renewing, or processing of insurance products to third-party clients," (Pl. Mem. 17 (emphasis in original)) that contention finds no support in the Policy, nor is Westport's rigid understanding of "professional services" supported by the authority cited in their brief.  See 55 A.L.R.5th 681 ("Accordingly, this type of insurance usually provides coverage for claims brought against the insured alleging negligent failures to issue, procure, renew, process, or cancel insurance . . . . [B]ecause the terms and conditions of these policies differ, there are exceptions to all of the . . . generalities.") (emphasis added).

The Policy defines "professional services" as "the insureds['] activities for others as a managing general insurance agent, general insurance agent, insurance agent, or insurance

---

arguing that its insured harmed the third party by intentional conduct, the potential that the insurer's proof will prejudice its insured in the underlying litigation is obvious")

broker." (Compl. ¶ 58.) These latter terms are not defined by the Policy. The cases that Westport cites concerning "professional services" are distinguishable, as the contracts therein were unambiguous. See Albert J. Schiff Assocs., Inc. v. Flack, 51 N.Y.2d 692, 699 (1980) ("here the intention [of the parties] is manifest"); Propis v. Fireman's Fund Ins. Co., 112 A.D.2d 734, 737 (4th Dep't 1985) ("the policy in issue is even more specifically limited than the Schiff policy . . . for it contains additional provisions which unmistakably define the very sort of activities . . . embraced in the term 'professional services'").

In contrast, here, where the definition provided for the Policy term "Professional Services" is ambiguous, the term must be construed liberally in favor of the insured and strictly against the insurer. JBS Constr. Mgmt. Inc., 2010 WL 2834898, at *5; Propis, 112 A.D.2d at 736. The Underlying Complaints allege various activities allegedly undertaken by Defendants, all of which could be considered "Professional Services." See JBS Constr. Mgmt. Inc., 2010 WL 2834898, at *5 (where broad allegations of insured's role in underlying complaints did not rule out the possibility that insured was performing "professional services," as defined by its contract). But even assuming, as Westport contends, that some of the "conduct at issue in the underlying actions was non-professional in nature," (Pl. Mem. 18) by no means can all of the conduct alleged in the Underlying Actions be categorized as non-professional services. For example, the Underlying Actions allege that Defendants signed up new participants to join the Trust. (Albany Compl. I ¶ 134; Albany Compl. II ¶ 107; Niagara Compl. ¶ 83.) Such conduct is precisely the type of activity that Westport claims are those of an insurance agent and broker, namely "issuing . . . insurance products to third-party clients." (Pl. Mem. 17.) The analysis can stop here -- the presence of one claim for which there is a duty to defend requires Westport to

8

defend Hamilton Wharton and Taylor with respect to all claims in the Underlying Complaints. Villa Charlotte Bronte, Inc. v. Commercial Union Ins., 64 N.Y.2d 846, 848 (1985).

**B.      Adjudication of Westport's duty to defend is ripe.**

Westport contends, without support, that a complete factual record, testimony and documents are required in order for this Court to determine whether it has a duty to defend Hamilton Wharton in the Underlying Actions.  (Pl. Mem. 21.)  The cases, however, show that the only documents needed to determine whether the duty attaches, are the complaints in the Underlying Actions, which "are sufficiently broad to enable the plaintiff . . . to establish a case bringing his injuries within the coverage of . . . the . . . policies of the defendants." Everlast Sporting Goods Mfg. Co. v. Aetna Ins. Co., 23 A.D.2d 641, 641 (1st Dep't 1965); see JBS Constr. Mgmt. Inc., 2010 WL 2834898, at *2 ("only those facts alleged in the underlying complaint are relevant to determining the scope of this duty . . . ."); English Bros. Funeral Home, 606 F. Supp. 2d at 470 (S.D.N.Y. 2009) ("While a court evaluates the possibility of coverage based on the 'four corners' of the underlying complaint, its review goes no further than the face of that complaint, and '[i]f liberally construed, [a] claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be.'") (alterations in original).  Therefore, no discovery is required for this Court to provide a ruling on Westport's duty to defend its insured.[6]

Westport argues that Defendants, by asserting that a determination of its duty to indemnify is premature, yet that it currently has a duty to defend, are "hav[ing] [their] cake and eat[ing] it too," and are "impermissibly go[ing] beyond the scope of the issues raised in [their]

---

[6] Additionally, whether or not portions of Taylor's Declaration are "improper" as Westport contends (see Pl. Mem. at 20-21) is of no moment in determining Westport's duty to defend, as the duty is invoked solely with reference to the allegations in the underlying complaints.

pre-motion letter" by requesting a determination of Westport's duty to defend at this time. (Pl. Mem. at 23-24.) These assertions are baseless, and disregard the different legal standards associated with the duties to indemnify and defend. Under New York law, (see supra Point I) a decision on Westport's duty to indemnify must wait until after the conclusion of the Underlying Actions. While those actions are pending, someone – either Westport or Defendants -- must defend these Actions.

As demonstrated above, Westport has not established that it is exempt from its "exceedingly broad" duty as Hamilton Wharton's insurer to defend. It is therefore both necessary and appropriate for Defendants to seek a judicial determination that Westport must continue to provide a defense to the Defendants in the Underlying Actions. See Everlast, 23 A.D.2d at 641 (judgment properly declared that insurance companies were required and obligated by their respective policies to defend the insured, based on the allegations of the complaint). Further, as Hamilton Wharton has been cast in a defensive posture by its insurer, it is undeniably entitled to recover the attorneys' fees incurred in defending this action. English Bros. Funeral Home, 606 F. Supp. 2d at 473; (see Defs.' Mem. 21-22).

## CONCLUSION

New York law applies to Defendants' motion, and is clear that Westport's action for declaratory relief on its duty to indemnify is premature, as the application of each of the Policy exclusions upon which Westport relies is dependent on factfinding that will likely take place in the Underlying Actions. Factfinding should not concurrently occur here, thereby prejudicing the Defendants in the Underlying Actions. Westport must also continue to provide a defense to Hamilton Wharton in the Underlying Actions. Finally, because this action is premature, it should be dismissed, with reasonable attorneys' fees and costs to be awarded to Defendants.

10

Dated: New York, New York
       December 17, 2010

Respectfully submitted,
STROOCK & STROOCK & LAVAN LLP

By:   /s/
      Kevin L. Smith
      Jeremy S. Rosof
      Derek I.A. Silverman
*Attorneys for Defendants The Hamilton Wharton*
*Group, Inc. and Walter B. Taylor, individually*
180 Maiden Lane
New York, New York 10038
(212) 806-5400


ZDARSKY SAWICKI & AGOSTINELLI LLP

By:   /s/
      Joseph E. Zdarsky
      David E. Gutowski
*Attorneys for Defendants Inter-Community*
*Memorial Hospital of Newfane, Inc. n/k/a*
*Eastern Niagara Hospital, Inc. and Integrated*
*Care Systems, LLC*
404 Cathedral Place
298 Main St., Ste. 404
Buffalo, New York 14202
(716) 855-3200


SHAUB, AHMUTY, CITRIN & SPRATT LLP

By:   /s/
      Steven J. Ahmuty, Jr.
      Timothy R. Capowski
      Gerard S. Rath
*Attorneys for the Healthcare Facilities*
*Defendants*
1983 Marcus Avenue
Lake Success, New York 11042
(516) 488-3300

11