UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> THE HAMILTON WHARTON GROUP, INC., WALTER B. TAYLOR, individually, et al. <br><br> and <br><br> INTER-COMMUNITY MEMORIAL HOSPITAL OF NEWFANE, INC., et al., <br><br> Defendants. | Case No. 10-CV-02188 (RMB) |

## WESTPORT INSURANCE CORPORATION'S ANSWER TO COUNTERCLAIM OF THE DEFENDANTS THE HAMILTON WHARTON GROUP, INC. AND WALTER B. TAYLOR, INDIVIDUALLY

Plaintiff, WESTPORT INSURANCE CORPORATION ("Westport"), by and through its undersigned counsel, for its Answer to the Counterclaim of the Defendants THE HAMILTON WHARTON GROUP, INC. and WALTER B. TAYLOR, INDIVIDUALLY (the "HW Defendants"), hereby alleges as follows:

### COUNTERCLAIM

133. It is well settled that an insured may recover sums incurred in successfully defending a declaratory judgment action brought by the insurer to avoid its obligation to defend under the policy. See, e.g., U.S. Underwriters Ins. Co. v. Weatherization, Inc., 21 F.Supp.2d 318, 327-28 (S.D.N.Y. 1998) (collecting cases); U.S. Fid. and Guar. Co. v. The N.Y., Susquehanna, and W. Ry. Corp., 716 N.Y.S.2d 181, 181-82 (4th Dep't 2000) ("By commencing this action, plaintiff has 'cast [defendant] in a defensive posture by the legal steps [plaintiff has taken] in an effort to free itself from its policy obligations' [*sic*] and thus defendant is entitled to

{File: 00247881.DOCX / }

recover from plaintiff the attorney's fees and costs incurred in defending this action.") (citing Mighty Midgets, Inc. v. Centennial Ins. Co., 389 N.E.2d 1080 (N.Y. 1979)).

Answer: Paragraph 133 contains conclusions of law to which no response is required. To the extent a response is deemed required, Westport denies each and every allegation contained in Paragraph 133 and demands strict proof thereof.

134.   In connection with the defense of Plaintiff's claims in this action, Defendants have incurred and will incur costs and attorneys' fees.

Answer: Westport lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 134 and on such basis denies same and demands strict proof thereof.

135.   As a result, the Plaintiff is obligated to pay Defendants' reasonable legal fees and costs in connection with the claims asserted by the Plaintiff herein.

Answer: Westport denies the allegations contained in Paragraph 135.

## AFFIRMATIVE DEFENSES

In further response to the allegations set forth in the HW Defendants' Counterclaim, and without waiving any denials of fact or liability set forth above, Westport hereby sets forth the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

The HW Defendants' Counterclaim fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The HW Defendants' Counterclaim fails to allege sufficient facts to constitute a cause of action against Westport.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff WESTPORT INSURANCE CORPORATION prays for a judgment in its favor, and against Defendants THE HAMILTON WHARTON GROUP, INC. and WALTER B. TAYLOR, INDIVIDUALLY as follows:

1. For dismissal, without costs and with prejudice, of the HW Defendants' Counterclaim;

2. For a judgment for Westport's costs, including reasonable attorneys fees, incurred herein; and

3. For such other relief as this Court deems equitable and proper.

Dated: New York, New York
       February 3, 2011

                                 Respectfully submitted,

                                 *[signature]*

                                 Gregg D. Weinstock (GW-8078)
                                 GARBARINI & SCHER, P.C.
                                 432 Park Ave. South
                                 New York, NY 10016-7790
                                 Telephone: (212) 689-1113
                                 Facsimile: (212) 725-9630

                                 -and-

                                 Robert P. Conlon (Admitted pro hac vice)
                                 Joyce F. Noyes (Admitted pro hac vice)
                                 James W. Kienzle (Admitted pro hac vice)
                                 WALKER WILCOX MATOUSEK, LLP
                                 225 W. Washington St., Ste. 2400
                                 Chicago, IL 60606-3418
                                 Telephone:   (312) 244-6700
                                 Facsimile:   (312) 244-6800

TO:     STROOCK, STROOCK & LAVAN, LLP
Attorneys for Defendants *The Hamilton Wharton Group, Inc. and Walter B. Taylor*
180 Maiden Lane
New York, NY 10038
Attn: Kevin Smith, Esq.

ZDARSKY, SAWICKI & AGOSTINELLI, LLP
Attorneys for Defendants
*Inter-Community Memorial Hospital of Newfane, Inc.*
*Integrated Care Systems, LLC*
404 Cathedral Place
298 Main Street
Buffalo, NY 14202
Attn: Joseph E. Zdarsky, Esq.

MORITT HOCK HAMROFF & HOROWITZ, LLP
Attorneys for Defendants
*Praxis Housing Initiatives, Inc. and Praxis Housing Initiatives d/b/a The Barbour Hotel*
400 Garden City Plaza
Garden City, New York 11530
Attn: Robert L. Schonfeld, Esq.

SHAUB, AHMUTY, CITRIN & SPRATT, LLP
Attorneys for Defendants
*A&T Healthcare, LLC; Bezalel Nursing Home Company, Inc.; Creative Lifestyles, Inc.; The Dennelisse Corporation; E.R.N.H. Corporation, Inc. d/b/a East Rockaway Progressive Care Facility s/h/a E.R.N.H. a/k/a East Rockaway Nursing Home; Elmhurst Care Center, Inc.; Highland Care Center, Inc.; Hudson Valley Home Care, Inc.; The New Brighton Manor of Long Beach Home for Adults; New South Shore Manor; Nyack Manor Nursing Home; Patchogue Nursing Center, Inc. s/h/a The Estate of Paul C. Maggio d/b/a Patchogue Nursing Center; Royal Health Care Services, Inc.; Unique People Services, Inc.; Flushing House United Presbyterian & Reformed Adult Ministries, Inc. s/h/a United Presbyterian and Reform Adult Ministries d/b/a Flushing House, and New York County Health Services Review Organization*
1983 Marcus Avenue
Lake Success, New York 11042-1056
(212) 488-3300

KEIDEL, WELDON & CUNNINGHAM, LLP
Attorneys for Third-Party Defendants
*IAAC, Inc. and Independent Insurance Agents &
Brokers of New York, Inc.*
925 Westchester Avenue, Suite 400
White Plains, New York 10604
Attn: Robert J. Grande, Esq.

GROSS, SHUMAN, BRIZDLE & GILFILLAN, P.C.
Attorneys for Defendants
*Alternative Stagging, Inc.; B&H HealthCare Services, Inc. d/b/a Nursing Personnel;Barksdale Management Corp.; Briarwood Manor, Inc.; Bronxwood Home for the Aged, Inc.;Caring Professionals, Inc.; Cedar Manor, Inc.; COHME, Inc.; Crown Nursing Home Associates, Inc.; Dentserv Dental Services, P.C.; Desmond McManus d/b/a Bayshore Home for Adults; Telford Home Assistance, Inc. d/b/a Extended Care health Services;     Extended Nursing Personnel CHHA, Inc.; Gem Health Care Employment Agency, Inc.;     Holliswood Care Center, Inc.; Interim Housing, Inc.; Meadowbrook Care Center, Inc.;Nassau-Suffolk Home Care & Aides, Inc.; Recreational Services, Inc.; Union Plaza Nursing Home, Inc.; Visiting Nurse Regional Health Care System, Inc.; and West Side Federation for Senior and Supportive Housing, Inc.*
465 Main Street, Suite 600
Buffalo, New York 14203
Attn: R. Scott Atwater, Esq.

[NO OTHER APPEARANCES]

{File: 00247881.DOCX / }