UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WESTPORT INSURANCE CORPORATION,

                      Plaintiff,

vs.

THE HAMILTON WHARTON GROUP, INC.
WALTER B. TAYLOR, Individually,

and

INTER-COMMUNITY MEMORIAL
HOSPITAL OF NEWFANE, INC., et al.,

                      Defendants.

**DECLARATION OF DAVID E. GUTOWSKI, ESQ. IN SUPPORT OF FEE APPLICATION**

---

THE HAMILTON WHARTON GROUP, INC.
WALTER B. TAYLOR, Individually,

                      Third-Party Plaintiffs,

vs.

IAAC, Inc., and INDEPENDENT INSURANCE
AGENTS & BROKERS OF NEW YORK, INC.,

                      Third-Party Defendants.

Case No.: 10-CV-2188 (RMB)(THK)

---

David E. Gutowski, declares under penalty of perjury as follows:

1. I am an attorney at law, admitted to practice in the State of New York, and admitted *pro hac vice* to practice in this Court. I am associated with the firm of Zdarsky, Sawicki & Agostinelli LLP, attorneys for defendants Inter-Community Memorial Hospital of Newfane, Inc. n/k/a Eastern Niagara Hospital, Inc. ("Eastern Niagara") and Integrated Care Systems, LLC ("Integrated") (collectively "Defendants") in the above-captioned action.

2.  I submit this Declaration in support of an application for legal fees and costs, to the extent that this Court's Decision and Order dated February 23, 2011 (Docket Entry 98) grants Defendants reasonable attorneys' fees and costs incurred with respect to their defense of this action. The facts set forth herein are based upon my personal knowledge and review of documents. For the reasons set forth herein, I respectfully request that the Court award Defendants attorneys' fees in the amount of $29,297.50, and costs in the amount of $929.60, or an aggregate sum of $30,227.18.

## BACKGROUND

3.  On or about March 12, 2010, Plaintiff Westport Insurance Company commenced this action by filing its original complaint seeking a declaratory judgment that it was not obligated to defend or indemnify its insured, The Hamilton Wharton Group, Inc., ("HWG") or HWG's principal Walter B. Taylor ("Taylor") with respect to three underlying actions commenced against HWG and Taylor[1], including the action commenced by Defendants in Niagara County, New York. Upon information and belief, Defendants were sued in this action as required parties pursuant to FRCP Rule 19(a)(1).

4.  On April 9, 2010, this firm filed a motion for admission *pro hac vice* of your declarant as well as Joseph E. Zdarsky, Esq., a senior partner of this firm. (Docket Entry 13). After this Court granted such admission (Docket Entry 14), Defendants timely filed notices of appearance (Docket Entries 24 and 27), a Rule 7.1 Corporate Disclosure Statements (Docket Entries 25 and 26) and an answer with jury demand (Docket Entry 32). Defendants also timely served initial disclosures pursuant to FRCP Rule 26(a)(1).

---

[1] Plaintiffs filed a First Amended Complaint (Docket Entry 79) on December 23, 2010 to include a fourth underlying action.

5.  In addition to drafting and filing answers to both complaints (Docket Entries 32 and 89), as well as reviewing pleadings filed and served by the other parties, Defendants have actively defended this action. Defendants have participated in court conferences, including actively engaging in proceedings conducted by this Court and Magistrate Katz with respect to scheduling and discovery issues; engaging in negotiations with counsel with respect to a stipulated protective order demanded by plaintiff prior to engaging in discovery; reviewing document demands, interrogatories, and responses thereto, served by the parties, traveling to New York City and participating in the first (and only) document production conducted in this action at the offices of Stroock, Stroock and Lavan on February 8, 2011.

6.  Defendants' counsel also participated in preparation of the motion for summary judgment filed by Defendants HWG, Taylor, Eastern Niagara and Integrated and the Healthcare Facilities defendants, filed October 29, 2010 (Docket Entry 59). In that motion, defendants sought summary judgment dismissing plaintiff's first amended complaint, as well as other relief including attorneys' fees and costs. See Defendants' Memorandum of Law (Docket Entry 62) at 22-23..

7.  This Court's Decision and Order dated February 23, 2011 (Docket Entry 98), granted defendants' motion, stating:

> For the foregoing reasons, Defendants' motion for summary judgment [#59] is granted as described above.
>
> If the parties cannot consensually resolve the issue of legal fees and costs, Defendants may submit to the Court documentation supporting their request for reasonable attorneys' fees and costs on or before March 2, 2011, and Plaintiff may submit any response on or before March 9, 2011.

Decision and Order at 10.

8. On March 1, 2011, I spoke with lead counsel for plaintiff, Joyce F. Noyes, Esq. of Walker Wilcox Matousek LLP, to ask whether plaintiff would agree to compensate Defendants Eastern Niagara and Integrated for their legal fees and costs pursuant to the Court's order. On behalf of plaintiff, Ms. Noyes indicated that plaintiff would not agree to pay Defendants' fees and costs.

9. Accordingly, to the extent that the Court's February 23, 2011 Decision and Order permits Defendants Eastern Niagara and Integrated to recover their fees and costs incurred in this action, Defendants submit this declaration and the exhibits annexed hereto in support of an application to this Court for reasonable attorneys' fees and costs in the amount of $30,227.18.

## REASONABLE FEES AND COSTS INCURRED BY DEFENDANTS

10. As discussed above, Defendants' counsel has expended considerable time and resources in defense of this action, which was commenced against them by Plaintiff Westport Insurance Corporation. Defendants submit that the hourly rates, time and disbursements expended, as discussed in greater detail below, are reasonable in all respects.

11. I was admitted to practice law in the State of New York in 1994, admitted to practice before the United States District Court for the Western District of New York in 1996, and admitted to practice before the United States Bankruptcy Court of the Western District of New York in 2001. I have been admitted to practice before this Court, *pro hac vice* (Docket Entry 11). Since being admitted, I have devoted a substantial amount of my practice in civil litigation to commercial and business matters in both state and federal courts. Included among the various types of matters which I have litigated are environmental insurance coverage disputes,

copyright infringement, libel and defamation actions, shareholder and corporate governance disputes, as well as numerous contract cases. My hourly rate is $175.

12. Joseph E. Zdarsky, Esq., senior partner to this firm and counsel to Defendants in this action, was admitted to practice law in the State of New York in 1972. Mr. Zdarsky has been admitted to the United States District Court for the Western District of New York (1973), United States District Court for the Northern District of New York (1979), the United States Court of Appeals, Second Circuit (1981), the United States Supreme Court (1988), the United States Tax Court (1999) and the United States District Court for the Eastern District of New York (2006). Mr. Zdarsky is also a Fellow of the American College of Trial Lawyers. Mr. Zdarsky has litigated a wide variety of business and tax disputes in both state and federal courts. Mr. Zdarsky has argued cases in the New York Court of Appeals, the United States Court of Appeals for the Second Circuit, and the United States Supreme Court. Mr. Zdarsky's hourly rate is $300.

13. Annexed hereto as **Exhibit A** are true and accurate copies of each of the invoices submitted to Defendants Eastern Niagara and Integrated by this firm for services rendered with respect to this action. The invoices are dated April 16, 2010, May 19, 2010, June 4, 2010, July 15, 2010, August 11, 2010, September 15, 2010, October 13, 2010, November 12, 2010, December 16, 2010, January 19, 2011 and February 16, 2011, respectively. Annexed hereto as **Exhibit B** is a true and accurate copy of the Work in Progress ("WIP") with respect to this matter, which represents fees and disbursements that have not yet been billed. The invoices and WIP are daily computerized time entries which contemporaneously record legal services performed by each attorney working on the matter, as well as disbursements incurred. Certain entries have been

redacted to delete confidential material, including attorney-client communications and attorney work product, as well as to delete information related to our clients' payments.

14.     These invoices and WIP reflect legal fees of $25,797.50, and total disbursements of $929.68.

## CONCLUSION

For the foregoing reasons, defendants submit that the fees and costs detailed herein are reasonable, and, to the extent permitted pursuant to this Court's February 23, 2011 Decision and Order, request that the Court award defendants' legal fees in the amount of $29,297.50, and costs in the amount of $929.68; or an aggregate sum of $30,227.18.

I declare under penalty of perjury that the foregoing is true and corrects.

DATED:  Buffalo, New York
        March 2, 2011

                                            /s/ David E. Gutowski
                                            David E. Gutowski, Esq.