UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WESTPORT INSURANCE CORPORATION,   :
                                  :
             Plaintiff,           :
                                  :       10 Civ. 2188 (RMB) (THK)
        -against-                 :
                                  :       **ORDER**
THE HAMILTON WHARTON GROUP, INC., :
WALTER B. TAYLOR, individually,   :
                                  :
and                               :
                                  :
INTER-COMMUNITY MEMORIAL          :
HOSPITAL OF NEWFANE, INC., et al. :
                                  :
             Defendants.          :
------------------------------------------------------------X

**I.   Background**

On March 2, 2011, defense counsel Kevin L. Smith of the law firm Stroock & Stroock & Lavan LLP ("Defense Counsel"), filed the instant application ("Application") seeking attorneys' fees in the amount of $394,598.00 and costs in the amount of $30,962.25 for their (successful) representation of Hamilton Wharton Group, Inc. and Walter B. Taylor (collectively, "Defendants") in an insurance coverage declaratory judgment action brought by Westport Insurance Corporation ("Plaintiff"). (Decl. of Kevin L. Smith in Supp. of Defs.' App. for Fees and Costs, dated Mar. 2, 2011 ("Smith Decl."), ¶¶ 2, 4.)[1]

On March 9, 2011, Plaintiff filed an opposition to the Application arguing that the requested fees and expenses are "blatantly excessive and grossly unreasonable" because, among

---

[1] By Decision & Order, dated February 23, 2011 [#98], the Court had granted summary judgment in favor of Defendants, holding that "Plaintiff [has] a duty to defend and may have a duty to indemnify" Defendants in four lawsuits filed in New York State court ("State Actions"), and that Defendants had "prevailed on the merits for the purpose of obtaining legal fees." (See Decision & Order Granting Summ. J., dated Feb. 23, 2011 ("Decision & Order"), at 9.)

other reasons, the Application seeks "astronomical above-market hourly rates" and sets forth an "excessive number of hours spent on the limited activities of the litigation to date." (Mem. of Law in Opp'n to Defs.' App. for Fees and Costs, dated Mar. 9, 2011 ("Opp'n"), at 1.) Plaintiff also contends that Defense Counsel employs "vague and incomplete time entries and 'block billing,'" and inappropriately includes "unrecoverable offensive litigation activity, which is not attributable to the defense of this matter." (Opp'n at 1−2.) Plaintiff also argues that Defense Counsel's invoices are replete with "non-reimbursable overhead items." (Opp'n at 18.)[2]

**For the reasons set forth below, the Court finds that the award to Defense Counsel should be substantially lower than the amount(s) requested in the Application.**

## II.     Legal Standard

The party seeking attorneys' fees has the burden of establishing with satisfactory evidence why the requested fee is appropriate. Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1059 (2d Cir. 1989). The Court considers, among other factors, the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, Imbeault v. Rick's Cabaret Int'l Inc., No. 08 Civ. 5458, 2009 WL 2482134, at *1 (S.D.N.Y. Aug. 13, 2009), and the complexity and difficulty of the case, Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 184 (2d Cir. 2008). The Court also reviews the following additional factors, if applicable: (1) the level of skill required to perform the legal service properly; (2) the preclusion of employment by the attorney due to acceptance of the case; (3) whether the fee is fixed or contingent; (4) any time limitations imposed by the

---

[2] Although on March 24, 2011, Plaintiff filed a Notice of Appeal [#130] from the Court's Decision & Order, the Court retains jurisdiction to determine attorneys' fees. See Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 225 (2d Cir. 2004) ("[N]otwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters, including claims for attorneys' fees.").

circumstances; (5) the amount involved in the case and the results obtained; (6) the experience, reputation, and ability of the attorneys; (7) the nature and length of the professional relationship with the client; and (8) awards in similar cases. See U.S. Football League v. Nat'l Football League, 887 F.2d 408, 415 (2d Cir. 1989) (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974)).

### III.  Analysis

Preliminarily and significantly, the Court points out that this insurance coverage dispute was rather straightforward. It was not unusually complex and should not have required the expenditure of great resources. See Concrete Flotation Sys., Inc. v. Tadco Constr. Corp., No. 07 Civ. 319, 2010 WL 2539771, at *5 (E.D.N.Y. Mar. 15, 2010); Malletier v. Apex Creative Int'l Corp., 687 F. Supp. 2d 347, 363–64 (S.D.N.Y. 2010); Heisman Trophy Trust v. Smack Apparel Co., 665 F. Supp. 2d 420, 425 (S.D.N.Y. 2009). The cornerstone of Defendants' effort was a (twenty-three page) brief in support of their motion for summary judgment and, thereafter, a ten page reply brief. The legal principles entailed were not especially intricate or complicated. See Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG, No. 04 Civ. 3600, 2005 WL 3099592, at *6 (S.D.N.Y. Nov. 17, 2005); Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 209–10 (E.D.N.Y. 2007). The issues to be decided were whether Plaintiff had a duty to defend or indemnify Defendants in the State Actions and whether Defendants were entitled to reasonable attorneys' fees. As of the date the motion for summary judgment was decided, Plaintiff had agreed to defend Defendants (without prejudice), and was, in fact, defending Defendants in the State Actions. (See Decision & Order at 2.) And, the Court's Decision & Order cited authorities familiar to persons versed in insurance liability litigation and was no more than ten pages in length. (See Decision & Order at

5 ("Under New York law, an insurer has an 'exceedingly broad' duty to defend the insured, Century 21, Inc. v. Diamond State Ins. Co., 442 F.3d 79, 82 (2d Cir. 2006), and an insurer will be called upon to provide a defense whenever the allegations of the complaint 'suggest . . . a reasonable possibility of coverage,' Int'l Bus. Machs. Corp. v. Liberty Mut. Fire Ins. Co., 303 F.3d 419, 424 (2d Cir. 2002) (quoting Cont'l Cas. Co. v. Rapid-Am. Corp., 609 N.E.2d 506, 509 (N.Y. 1993)).").)[3]

**Hourly Rates**

Defense Counsel seeks hourly rates of $860.00 to $895.00 for partner Kevin L. Smith ("Smith"); $610.00 to $650.00 for special counsel Jeremy S. Rosof ("Rosof"); $395.00 to $465.00 for third-year associate Derek I. A. Silverman ("Silverman"); $370.00 for first-year associate Monica Hanna ("Hanna"); and $225.00 to $255.00 for each of five paralegals. (Smith Decl. ¶ 10 & Ex. 2.) Of the defense lawyers on the case, only Smith appears to have significant experience in professional liability and insurance coverage litigation. (See Smith Decl. Ex. 3 ("Kevin L. Smith concentrates in . . . professional liability and insurance coverage litigation.").)

Plaintiff points out that it paid its own outside counsel, Walker Wilcox Matousek LLP and Garbarini & Scher, P.C., in the range of $185.00 to $225.00 per hour to litigate this (same) case against Defendants. (See Aff. of Karen Thurlow in Supp. of Opp'n, dated Mar. 9, 2011 ("Thurlow Aff."), ¶ 3.) And, Plaintiff argues persuasively that Defense Counsel "has failed to establish the reasonableness, necessity or value of [their] exorbitant rates, which do not reflect market rates for insurance coverage work in New York and which, for the most part, are not warranted by the level of expertise of the attorneys."[4] (Opp'n at 4); see GuideOne Specialty

---

[3] The case was resolved within eleven months and involved no depositions.

[4] Plaintiff proposes the following reduced rates (and hours) for Defense Counsel:

4

Mut. Ins. Co. v. Congregation Adas Yereim, No. 04 Civ. 5300, 2009 WL 3241757, at *5–6 (E.D.N.Y. Sept. 30, 2009) (awarding $275.00 per hour for partners, $125.00 for an associate, and $55 for paralegals in insurance coverage liability case in the United States District Court for the Eastern District of New York).

The Court concludes respectfully that a business oriented (reasonable) paying client "would [not] be willing to pay" the rates sought by Defense Counsel in these circumstances and that the fees proposed by Plaintiff's counsel are closer to the mark. Arbor Hill, 522 F.3d at 190; Kahlil v. Original Old Homestead Rest., Inc., 657 F. Supp. 2d 470, 475 (S.D.N.Y. 2009). The rates for Defendants' attorneys — as opposed to the rates actually proposed by Defense Counsel in the Application — should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d 224, 232 (2d Cir. 2006) (internal quotation marks omitted); see also Robinson v. City of N.Y., No. 05 Civ. 9545, 2009 WL 3109846, at *4 (S.D.N.Y. Sept. 29, 2009) (internal quotation marks and citation omitted); McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96–97 (2d Cir. 2006); Farbotko v. Clinton Cnty., 433 F.3d 204, 209 (2d Cir. 2005).

| Attorney/Paralegal | Reduced Rates | Reduced Hours | Product of Reduced Rate and Reduced Hours |
|---|---|---|---|
| Smith | $450 | 77.9 | $35,055.00 |
| Rosof | $400 | 128.3 | $51,320.00 |
| Silverman | $250 | 127.8 | $31,950.00 |
| Hanna | $0 | 0 | $0 |
| Paralegals | $0 | 0 | $0 |
|  |  |  | = $118,325.00 |
| Minus 20% for "excessive, vague and incomplete entries" | | | = $94,600.00 |

(Opp'n at 18–19.)

Based upon, among other things, the relatively straightforward nature of this case, fee awards in similar cases, the rates that Plaintiff pays to its counsel for essentially the same work, the Defense attorneys' level(s) of experience, and the absence of severe timing demands, see Johnson, 488 F.2d at 718–19, the Court finds that the following hourly rates are appropriate: no more than $600.00 for Smith, a partner with experience in professional liability and insurance coverage litigation; no more than $400.00 for Rosof ("of counsel") who received his J.D. in 1999 and appears to be a real estate specialist with no exceptional experience in insurance litigation (see Smith Decl. Ex. 3 ("Jeremy Rosof conducts a broad-based commercial litigation practice with an emphasis on matters relating to real estate.")); no more than $250.00 for Silverman, a third-year associate who received his J.D. in 2007, was admitted to the New York Bar in 2008, and also has no notable experience in insurance litigation (see Aff. of James Kienzle in Supp. of Opp'n, dated Mar. 9, 2011 ("Kienzle Aff."), Ex. 2); no more than $200.00 for Hanna, a first-year associate who received her J.D. in 2009, was admitted to the New Jersey Bar in 2009 and the New York Bar in 2010, and has no notable experience in insurance litigation (see Kienzle Aff. Ex. 2); and no more than $125.00 for Defense Counsel paralegals.  The following cases support this fee allocation: Sidley Holding Corp. v. Ruderman, No. 08 Civ. 2513, 2009 WL 6047187, at *26 (S.D.N.Y. Dec. 30, 2009) (awarding $600.00 per hour for a partner, $400.00 per hour for an "of counsel" with "significant experience in real estate and complex litigation," $250.00 per hour for a fourth-year associate, and $125.00 per hour for a paralegal); Edmonds v. Seavey, No. 08 Civ. 5646, 2009 WL 1598794, at *2 (S.D.N.Y. June 5, 2009) (awarding $600.00 per hour for a partner, and $350.00 per hour for a senior associate); Rozell v. Ross-Holst, 576 F. Supp. 2d 527, 546 (S.D.N.Y. 2008) (awarding $600.00 per hour for partners and counsel, $350.00 per hour for senior associates, $250.00 per hour for junior associates, and $125.00 per hour for paralegals);

LV v. N.Y.C. Dep't of Educ., 700 F. Supp. 2d 510, 519–20 (S.D.N.Y. 2010) (awarding $600.00 per hour to each partner, $375.00 to a senior associate, $250.00 to each junior associate, $225.00 to a first-year associate); Katz v. Image Innovations Holdings, Inc., No. 06 Civ. 3707, 2009 WL 1505174, at *2 (S.D.N.Y. May 27, 2009) (awarding two experienced partners $600.00 per hour); GAKM Res. LLC v. Jaylyn Sales, Inc., No. 08 Civ. 6030, 2009 WL 2150891, at *8 (S.D.N.Y. July 20, 2009) (awarding three partners between $525.00 and $650.00 per hour); see also supra p. 4 for fees paid by Plaintiff to outside counsel in this very same matter.

**Number of Hours Billed**

Defense Counsel seeks reimbursement for 642.4 hours of attorney work and 130.4 hours of paralegal work over a period of eleven months. (See Smith Decl. Ex. 2.) By contrast, Plaintiff's outside counsel spent approximately 400 hours on this case during that period. (See Thurlow Aff. ¶ 4.) The record reflects that Defense Counsel performed (only) the usual litigation tasks of, among other things, drafting an answer to the complaint, including a counterclaim filed on May 27, 2010 (for which counsel bills approximately 65 hours); drafting a twenty-three page memorandum of law in support of a motion for summary judgment, filed on October 29, 2010, and a ten-page reply memorandum, filed on December 17, 2010 (for which counsel bills approximately 275 hours); attending and preparing for Court conferences and drafting correspondence (for which counsel bills approximately 70 hours); and conducting discovery (for which counsel bills approximately 235 hours).[5] (See Opp'n at 11–12; Smith Decl.

---

[5] Defendants also drafted an answer and counterclaim to an amended complaint which was not appreciably different from the original complaint, filed on January 18, 2011 (for which counsel bills approximately 25 hours); and a third-party complaint and a ten-page opposition to the third-party defendants' motion to dismiss, filed on August 27, 2010 and December 3, 2010, respectively (for which counsel bills approximately 120 hours). (See Smith Decl. Ex. 2.) The third-party motion was dismissed without prejudice as moot because it was "entirely contingent" upon a judgment in Plaintiff's favor. (See Decision & Order at 9 n.4.)

Ex. 2.)

The Court finds that a reduction of 35% of Defense Counsel's proposed compensable hours is warranted because, among other reasons, Defense Counsel's hours were excessive and included non-compensable tasks, billing entries were vague, and Defense Counsel employed "block billing."  See Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) ("[T]he court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." (internal quotation marks omitted)).  That is, the Court determines that Defense Counsel may be compensated for 502.3 hours, rather than 772.8 hours.  The reduction is based upon the following factors, among others:

(i) The hours billed by Defense Counsel exceed those necessary to complete the above-referenced tasks.  The approximately 275 hours billed in connection with a straightforward summary judgment motion and the approximately 235 hours billed in connection with discovery where no depositions had been taken clearly warrant reduction.  See GuideOne Specialty Mut. Ins. Co. v. Congregation Adas Yereim, No. 04 Civ. 5300, 2009 WL 3241757, at *5–6 (E.D.N.Y. Sept. 30, 2009); Szczepanek v. Dabek, No. 10 Civ. 2459, 2011 WL 846193, at *7 (E.D.N.Y. Mar. 7, 2011); Greenidge v. Mundo Shipping Corp., 60 F. Supp. 2d 10, 13 (E.D.N.Y. 1999); Clark v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992).

(ii) A portion of Defense Counsel's entries are attributable to counterclaims and are, therefore, non-compensable in this context.  See U.S. Underwriters Ins. Co. v. Weatherization, Inc., 21 F. Supp. 2d 318, 327–28 (S.D.N.Y. 1998) ("[S]ums incurred in prosecuting claims against the insurer, such as through counterclaims . . . are not recoverable."); Commercial Union Ins. Co. v. Int'l Flavors & Fragrances, Inc., 639 F. Supp. 1401, 1402 (S.D.N.Y. 1986).

(iii) A substantial number of hours billed by Defense Counsel are supported by

inadequate and/or vague descriptions.  See Wong v. Yoo, No. 04 Civ. 4569, 2010 WL 4137532, at *3 (E.D.N.Y. Oct. 19, 2010) ("Courts may reduce the number of hours in a fee application where the billing information submitted by the claimants is 'too vague to sufficiently document the hours claimed.'" (quoting Kirsch, 148 F.3d at 172)).  For example, the Application includes 43.3 hours billed by Hanna for "Document Review" and other hours described only as "Work on letter," "Discuss letter," "Review discovery," "Work on discovery issues," and "Receive and review e-mails."   (Smith Decl. Ex. 2); see also Spalluto v. Trump Int'l Hotel & Tower, No. 04 Civ. 7497, 2008 WL 4525372, at *8 (S.D.N.Y. Oct. 2, 2008) (reducing compensable hours for vague entries such as "phone call(s) with client," "prepare correspondence to co-counsel," and "prepare letter to court"); PSG Poker, LLC v. DeRosa-Grund, No. 06 Civ. 1104, 2008 WL 2755835, at *4 (S.D.N.Y. July 14, 2008).

Other Defense Counsel billing records are (so) heavily redacted that, "while they offer a glimpse into the work performed, they do not allow a court (or anyone else for that matter) to determine whether the work was duplicative, efficient, or necessary." Suchodolski Assocs., Inc. v. Cardell Fin. Corp., No. 03 Civ. 4148, 2008 WL 5539688, at *3 (S.D.N.Y. Dec. 18, 2008).  For example, an entry submitted by Rosof on July 19, 2010 includes the following: "Conference with K. Smith and R. Lewin to discuss ____; research ____; send K. Smith cases re: same." (Smith Decl. Ex. 2.)  Another entry submitted by Rosof on July 20, 2010 is described only as follows: "Meet with K. Smith to discuss articulation of ____ defense; confer with Docketing re: docket search for ____; research additional authority on ____; work on memo re: ____; and review K. Smith memo to file on ____." (Smith Decl. Ex. 2.)  And, an entry submitted by Smith on December 30, 2010 includes the following: "Conference call to discuss ____." Entries that are vague and avoid precise explication due to redaction are appropriately discounted.  See Carey,

9

711 F.2d at 1146; Lucky Brand Dungarees, Inc. v. Ally Apparel Res., LLC, No. 05 Civ. 6757, 2009 WL 466136, at *3 (S.D.N.Y. Feb. 25, 2009).

      Courts also routinely make reductions for the kind of "block billing" employed by Defense Counsel.  See Berry v. Deutsche Bank Trust Co. Ams., 632 F. Supp. 2d 300, 306 (S.D.N.Y. 2009).  Block billing is the practice of "aggregating multiple tasks into one billing entry."  Adorno v. Port Auth. of N.Y. & N.J., 685 F. Supp. 2d 507, 515 (S.D.N.Y. 2010).  Some of Defense Counsel's entries are the "paradigm of block billing," Suchodolski Assocs., 2008 WL 5539688, at *3, including, 3.0 hours attributed to "[w]orking on motion; call to adversary regarding Smith, K. time; emails; meet with D. Silverman; review documents"; 3.2 hours attributed to "[c]onference with M. Minkowitz to review defenses to exclusions in preparation for tomorrow's initial status conference; call to plaintiff's counsel to circulate draft of proposed case management order; send re-dated litigation hold memo to K. Smith; review and comment to K. Smith on draft proposed order received from plaintiff's counsel, print-out order and 7.1 statements for conference; work on Answer; review Newfane counsel's Notice of Appearance and 7.1 statements"; 4.0 hours attributed to "[m]eeting with K. Smith and J. Rosof re: discovery conference; discovery conference with Magistrate Judge Katz; incorporated edits from J. Rosof into opposition brief to third-party defendants' motion to dismiss; meeting with C. Stygar re: filing opposition to third-party defendants' motion to dismiss"; 5.0 hours attributed to "[m]eeting with J. Rosof re: case status; reviewed correspondence from Westport to court; reviewed cases cited by Westport; drafted response to Westport letter"; and 5.7 hours attributed to "[i]ncorporating revisions from J. Rosof to reply memorandum to Hamilton Wharton's motion for summary judgment; research cases re: duty to defend and indemnify; emails with co-defendants re: draft brief; meeting with J. Rosof re: brief and discovery." (Smith Decl. Ex. 2.)

"Courts can reduce awards for block billing because commingling of activities within one time entry impedes the court's efforts to evaluate the reasonableness of any of the listed activities." Berry, 632 F. Supp. 2d at 306 (internal citations and quotation marks omitted); see also Sea Spray Holdings, Ltd. v. Pali Fin. Grp., Inc., 277 F. Supp. 2d 323, 325–26 (S.D.N.Y. 2003).

In view of these billing shortcomings, the Court concludes that a reduction of compensable hours by 35% is appropriate. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09 Civ. 2502, 2010 WL 985294, at *3 (E.D.N.Y. Mar. 15, 2010) (40% across the board percentage reduction of compensable hours for "excessive, redundant, or otherwise unnecessary" hours billed); Shannon v. Fireman's Fund Ins. Co., 156 F. Supp. 2d 279, 302 (S.D.N.Y. 2001) (35% across the board percentage reduction of compensable hours for inefficiencies and excessive billing); DCH Auto Grp. (USA), Inc. v. Fit You Best Auto., Inc., No. 05 Civ. 2973, 2006 WL 279055, at *6 (E.D.N.Y. Jan. 10, 2006) (35% across the board percentage reduction of compensable hours for excessive hours and inappropriately billed fees); Levy v. Powell, No. 00 Civ. 4499, 2005 WL 1719972, at *8 (E.D.N.Y. July 22, 2005) (35% across the board percentage reduction of compensable hours for vagueness, excessiveness, and redundancy of time entries); Tucker v. Mukasey, No. 03 Civ. 3106, 2008 WL 2544504, at *2–3 (S.D.N.Y. June 20, 2008) (30% across the board percentage reduction of compensable hours for "excessive, unnecessary, and/or vague" entries).

In sum, the Court awards attorneys' fees to Defense Counsel in the amount of $159,477.50, i.e., by multiplying the adjusted hourly rates for each attorney and paralegal, see supra p. 6, by the adjusted compensable hours for each attorney and paralegal, see supra p. 11; see also Scott v. City of N.Y., No. 02 Civ. 9530, 2011 WL 867242, at *1 (S.D.N.Y. Mar. 9, 2011); Szczepanek, 2011 WL 846193, at *9; Shim v. Millennium Grp., No. 08 Civ. 4022, 2010

11

WL 2772493, at *6; Alveranga v. Winston, No. 04 Civ. 4356, 2007 WL 595069, at *8 (E.D.N.Y. Feb. 22, 2007); Ragin v. Harry Macklowe Real Estate Co., 870 F. Supp. 510, 523 (S.D.N.Y. 1994); Levy, 2005 WL 1719972, at *8.

**Costs**

Defense Counsel seeks costs totaling $30,962.25, and reflecting, among other things, in-house duplication costs, telephone charges, meals, overtime, local transportation, postage, electronic legal research, and messenger service. (See Smith Decl. Ex. 2.) Plaintiff objects to all of these costs, arguing, among other things, that Defense Counsel's "claimed disbursements comprise . . . non-reimbursable overhead items." (Opp'n at 17–18); see Mugavero v. Arms Acres, Inc., No. 03 Civ. 5724, 2010 WL 451045, at *12 (S.D.N.Y. Feb. 9, 2010) ("Recovery is not permitted . . . for costs associated with routine office overhead." (citing LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998))).

"Costs are ordinarily recoverable if they are incidental and necessary to the litigation." Baruch v. Healthcare Receivable Mgmt., Inc., No. 05 Civ. 5392, 2007 WL 3232090, at *6 (E.D.N.Y. Oct. 30, 2007) (internal quotation marks omitted). Expenses properly described, including photocopying, research, and telephone costs, "are the sort of expenses that may ordinarily be recovered" as part of a fee award, and are not treated as "overhead expenses." LeBlanc-Sternberg, 143 F.3d at 763 (citing cases); see GuideOne, 2009 WL 3241757, at *8; Bobrow Palumbo Sales, Inc. v. Broan-Nutone, LLC, 549 F. Supp. 2d 274, 285–86 (E.D.N.Y. 2008). But, "[w]here an attorney fails to provide suitable documentation to substantiate the costs incurred, a court may decline to award any costs." Griffiths ex rel. Griffiths v. Jugalkishore, No. 09 Civ. 2657, 2010 WL 4359230, at *7 (S.D.N.Y. Oct. 14, 2010) (citing Lide v. Abbott House, No. 05 Civ. 3790, 2008 WL 495304, at *2 (S.D.N.Y. Feb. 25, 2008)).

A number of Defense Counsel's cost entries are "unsubstantiated," Suchodolski Assocs., 2008 WL 5539688, at *3, and/or "non-reimbursable" (Opp'n at 18). For the months of April and May 2010, Defense Counsel did not itemize its disbursements, providing only total figures of $125.67 for April and $2,320.07 for May. (See Smith Decl. Ex. 2.) And, Defense Counsel billed approximately $3,000.00 for in-house duplication charges without indicating a per page charge. (See Smith Decl. Ex. 2); see also Swiss Skies AG v. Air Luxor, S.A., No. 04 Civ. 9972, 2010 WL 3219295, at *7 (S.D.N.Y. Aug. 13, 2010) (reimbursement denied for failure to itemize costs) (citing U.S. for Use & Benefit of Evergreen Pipeline Constr. Co, Inc. v. Merritt Meridian Constr. Corp., 95 F.3d 153, 173 (2d Cir. 1996)); Suchodolski Assocs., 2008 WL 5539688, at *3 (reimbursement denied for "unsubstantiated costs," including failure to indicate a "per page charge" for photocopying); GuideOne, 2009 WL 3241757, at *8; Baruch, 2007 WL 3232090, at *6.

Because of the absence of information against which to assess the reasonableness of Defense Counsel's expenditures, Trs. of Local 7 Tile Indus. Welfare Fund v. Bennick Contracting, Inc., No. 07 Civ. 4992, 2010 WL 1437928, at *3 (E.D.N.Y. Apr. 9, 2010), the Court applies a 15% reduction to the amount of costs requested and awards total costs of $26,317.91, see D.H. Blair & Co., Inc. v. Gottdiener, No. 03 Civ. 2908, 2010 WL 4258967, at *9 (S.D.N.Y. Oct. 27, 2010); Mr. X v. N.Y. State Educ. Dep't, 20 F. Supp. 2d 561, 564 (S.D.N.Y. 1998); Cent. N.Y. Laborers' Health & Welfare, Pensions, Annuity & Training Funds v. Five Star Constr. Servs., Inc., No. 09 Civ. 509, 2011 WL 167236, at *3 (N.D.N.Y. Jan. 19, 2011); Amerisource Corp. v. Rx USA Int'l, Inc., No. 02 Civ. 2514, 2010 WL 2160017, at *14 (E.D.N.Y. May 26, 2010); Berry v. N.Y. State Dep't of Corr. Servs., 947 F. Supp. 647, 653 (W.D.N.Y. 1996).

## IV.  Conclusion and Order

For the foregoing reasons, the Court awards Defendants attorneys' fees in the amount of $159,477.50 and costs in the amount of $26,317.91.

Dated: New York, New York
       March 31, 2011



RICHARD M. BERMAN, U.S.D.J.