11-1153-cv(L)
*Westport Ins. Co. v. The Hamilton Wharton Group, Inc., et al.*

N.Y.S.D. Case #
10-cv-2188(RMB)

**MANDATE**

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of May, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
         RAYMOND J. LOHIER, JR.,
         CHRISTOPHER F. DRONEY,
                 *Circuit Judges.*



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 11, 2012

WESTPORT INSURANCE CORPORATION,

        *Plaintiff-Counter-Defendant-Appellant-
        Cross-Appellee,*

    v.                    11-1153-cv (Lead)
                         11-1493-cv (XAP)

THE HAMILTON WHARTON GROUP INC., WALTER B. TAYLOR, INDIVIDUALLY

        *Defendants-Counter-Claimants-Third Party
        Plaintiffs-Appellees-Cross-Appellants,*

INTER-COMMUNITY MEMORIAL HOSPITAL OF NEWFANE, INC., INTERGRATED CARE SYSTEMS, LLC, ATHEALTHCARE, LLC, AARON SELIGSON, MARTIN S. ROTHMAN, ABRAHAM V. FRIEDMAN, ESTATE OF HERBERT A. ROTHMAN, ESTATE OF BERNARD FEUER PARTNERS, DBA BROOKHAVEN BEACH HEALTH RELATED FACILITY, ESTATE OF BERNARD FEUER, PARTNERS, DBA ROCKVILLE RESIDENCE MANOR, AMERICAN GERI-CARE, INC., BEZALEL NURSING HOME COMPANY, INC., CREATIVE LIFESTYLES, INC., PREFERRED HEALTH CARE SERVICES INC., NOW KNOWN AS COTTAGE HOMECARE SERVICES, INC., EAST NEW YORK URBAN YOUTH CORPS, E.R.N.H., AKA EAST ROCKAWAY NURSING HOME, ELMHURST CARE CENTER, INC., GEORGE KATZ, DBA THE NEW

BRIGHTON MANOR OF LONG BEACH HOME FOR ADULTS, SUZIE KLEIN, DBA THE NEW BRIGHTON MANOR OF LONG BEACH HOME FOR ADULTS, GREATER NEW YORK HOME CARE SYSTEMS, INC., HIGHLAND CARE CENTER, INC., HUDSON VALLEY HOME CARE, INC., KESER NURSING & REHABILITATION CENTER, INC., LOGAN & LOGAN, INC., FKA CEDAR LODGE NURSING HOME, NEW SOUTH SHORE MANOR, NEW YORK COUNTY SERVICES REVIEW ORGANIZATION, NYACK MANOR NURSING HOME, OYSTER BAY MANOR SENIOR RESIDENCE, INC., PERSONNEL MANAGEMENT SERVICES, LLC, QUALITY HEALTHCARE, INC., ROYAL HEALTH CARE SERVICES, INC., ST. MICHAEL'S HOME, THE DENNELISSE CORPORATION, THE ESTATE OF PAUL C. MAGGIO, DBA PATCHOGUE NURSING CENTER, UNIQUE PEOPLE SERVICES, INC., UNITED PRESBYTERIAN AND REFORM ADULT MINISTRIES, DBA FLUSHING HOUSE, PRAXIS HOUSING INITIATIVES, INC., DBA THE BARBOUR HOTEL, ALTERNATIVE STAFFING, INC., BHHEALTHCARE SERVICES, INC., DBA NURSING PERSONNEL, BARKSDALE MANAGEMENT, CORP., BRIARWOOD MANOR, INC., BRONXWOOD HOME FOR THE AGED, INC., CARING PROFESSIONALS, INC., CEDAR MANOR, INC., COHME, INC., CROWN NURSING HOME ASSOCIATES, INC., DENTSERV DENTAL SERVICES, P.C., DESMOND MCMANUS, DBA BAYSHORE HOME FOR ADULTS, TELFORD HOME ASSISTANCE, INC., DBA EXTENDED CARE HEALTH SERVICES, EXTENDED NURSING PERSONNEL CHHA, INC., GEM HEALTHCARE EMPLOYMENT AGENCY, INC., HOLLISWOOD CARE CENTER, INC., INTERIM HOUSING, INC., MEADOWBROOK CARE CENTER, INC., NASSAU-SUFFOLD HOME CARE AND AIDES, INC., RECREATIONAL SERVICES, INC., UNION PLAZA NURSING HOME, INC., VISITING NURSE REGIONAL HEALTH CARE SYSTEM, INC., WEST SIDE FEDERATION FOR SENIOR AND SUPPORTIVE HOUSING, INC.,

*Defendants-Appellees,*

IAAC, INC., INDEPENDENT INSURANCE AGENTS & BROKERS OF NEW YORK, INC.

*Third-Party Defendants-Appellees.*

---

        JOYCE F. NOYES (Robert P. Conlon, James W. Kienzle, *on the brief*), Walker Wilcox Matousek LLP, Chicago, IL, *for Plaintiff-Counter-Defendant-Appellant-Cross-Appellee Westport Insurance Corporation.*

KEVIN L. SMITH (Derek I.A. Silverman, *on the brief*), Stroock & Stroock & Lavan LLP, New York, NY, *for Defendants-Counter-Claimants-Third Party Plaintiffs-Appellees-Cross-Appellants The Hamilton Wharton Group, Inc., Walter B. Taylor, individually.*

Joseph E. Zdarsky, Sr. (David E. Gutowski, *on the brief*), Zdarsky Sawicki & Agostinelli LLP, Buffalo, NY, *for Defendants-Appellees Inter-Community Memorial Hospital of Newfane, Inc. Eastern Niagara Hospital, Inc. and Intergrated Care Systems, LLC.*

Steven J. Ahmuty, Jr., Timothy R. Capowski, Gerard S. Rath, Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success, NY, *for Defendants-Appellees A & T HealthCare, LLC; Bezalel Nursing Home Company, Inc.; Creative Lifestyles, Inc.; E.R.N.H. Corporation, Inc. d/b/a East Rockaway Nursing Home; Elmhurst Care Center, Inc.; George Katz d/b/a The New Brighton Manor of Long Beach Home for Adults; Suzie Klein d/b/a The New Brighton Manor of Long Beach Home for Adults; Highland Care Center, Inc.; Hudson Valley Home Care, Inc.; New South Shore Manor; Nyack Manor Nursing Home; Royal Health Care Services, Inc.; The Dennelisse Corporation; The Estate of Paul C. Maggio d/b/a Patchogue Nursing Center; Unique People Services, Inc.; United Presbyterian and Reformed Adult Ministries, Inc. d/b/a Flushing House; and New York County Health Services Review Organization.*

Richard Scott Atwater, Gross, Shuman, Brizdle & Gilfillan, P.C., Buffalo, NY, *for Defendants-Appellees Alternative Staffing, Inc.; B & H HealthCare Services, Inc. d/b/a Nursing Personnel; Barksdale Management, Corp.; Briarwood*

*Manor, Inc.; Bronxwood Home for the Aged, Inc.; Caring Professionals, Inc.; Cedar Manor, Inc.; COHME, Inc.; Crown Nursing Home Associates, Inc.; Dentserv Dental Services, P.C.; Desmond McManus d/b/a Bayshore Home for Adults; Telford Home Assistance, Inc., d/b/a Extended Care Health Services, Extended Nursing Personnel CHHA, Inc.; GEM Health Care Employment Agency, Inc.; Holliswood Care Center, Inc.; Interim Housing, Inc.; Meadowbrook Care Center, Inc.; Nassau-Suffolk Home Care & Aides, Inc.; Recreational Services, Inc.; Union Plaza Nursing Home, Inc.; Visiting Nurse Regional Health Care System, Inc.; and West Side Federation for Senior and Supportive Housing, Inc.*

> Robert J. Grande, Keidel, Weldon & Cunningham, LLP, White Plains, NY, *for Third-Party Defendants-Appellees IAAC, Inc. and Independent Insurance Agents & Brokers of New York, Inc.*
>
> Robert Leonard Schonfeld, Moritt Hock & Hamroff LLP, Garden City, NY, *for Praxis Housing Initiatives, Inc. d/b/a Barbour Hotel.*

Appeal from the United States District Court for the Southern District of New York (Berman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York is **AFFIRMED**.

Appellant Westport Insurance Corporation ("Westport") appeals from the February 23, 2011 Decision and Order of the United States District Court for the Southern District of

4

New York (Berman, *J.*), granting summary judgment to the appellees and dismissing Westport's declaratory judgment action (the "DJ Order").  Westport sought a declaratory judgment that a professional liability insurance policy (the "Policy") issued by Westport to Appellee Hamilton Wharton Group, Inc. ("Hamilton Wharton") does not impose upon Westport either a duty to defend or a duty to indemnify Hamilton Wharton in four lawsuits filed in New York State Supreme Court (the "State Actions") against Hamilton Wharton and its owner, Walter B. Taylor ("Taylor," together with Hamilton Wharton, the "Defendants").  In the DJ Order, the district court found that (i) Westport had a duty to defend the Defendants and (ii) the complaint should be dismissed as "premature" with respect to the Defendants' duty to indemnify because "issues of fact on which the insurance coverage depends" have yet to be adjudicated in the State Actions.  On March 31, 2011, the district court awarded the Defendants' counsel attorneys' fees in the amount of $159,477.50 and costs of $26,317.91 (the "Attorneys' Fees Award").  Both Westport and the Defendants also appeal from the Attorneys' Fees Award.  We assume the parties' familiarity with the facts, procedural history, and issues presented for review.

We review *de novo* the district court's grant of summary judgment, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Costello v. City of Burlington*, 632 F.3d 41, 45 (2d Cir. 2011); *see* Fed. R. Civ. P. 56(a).

The district court did not err in concluding that the State Actions trigger Westport's duty to defend. Under New York law—which the parties agree applies in this case—an insurer's duty to defend is broader than its duty to indemnify and has been described by the New York Court of Appeals as "exceedingly broad." *Colon v. Aetna Life & Cas. Ins. Co.*, 66 N.Y.2d 6, 8 (1985). Indeed, "[s]o long as the claims [asserted against the insured] may rationally be said to fall within policy coverage, whatever may later prove to be the limits of the insurer's responsibility to pay, there is no doubt that it is obligated to defend." *Seaboard Sur. Co. v. Gillette Co.*, 64 N.Y.2d 304, 310-11 (1984) (alterations in original) (internal quotation marks omitted).

Here, the claims asserted against Westport may rationally be said to fall within the Policy's coverage. The "professional services" contemplated by the Policy encompass *at least some* of the activities alleged in the

State Actions, which included, *inter alia*, allegations that the Defendants were negligent in handling their funds by: continuing to sign up new participants to join the trust; failing to hire an accountant; offering unwarranted discounts to trust members; failing to implement safety audits; and failing to conduct payroll audits.

Westport contends that the Policy's Insolvency Exclusion bars coverage for the underlying complaints and that the district court erred because it failed to analyze this exclusion. The district court did not address the applicability of the Insolvency Exclusion for good reason. To the extent the issue was raised below at all, Westport offered only conclusory assertions that the Insolvency Exclusion barred coverage even though Westport bore the "heavy burden" of establishing the applicability of the exclusion. *Commercial Union Assurance Co. v. Oak Park Marina, Inc.*, 198 F.3d 55, 61 (2d Cir. 1999). Westport's conclusory assertions, rather than argument, were insufficient to preserve this issue for appellate review. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999). "'It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.'" *Allianz Ins. Co. v.*

*Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) (quoting *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994)). While we have the discretion to relax this rule to consider a purely legal issue or to avoid manifest injustice, we see no reason to exercise such discretion under the circumstances of this case. *Id.* Moreover, we are not persuaded that *all* of the claims against Hamilton Wharton and Taylor in the underlying complaints would fall within the scope of the Insolvency Exclusion. Notably, the Niagara complaint lacks any allegations referring to the trust's insolvency or financial inability to pay.

Next, Westport contends that the district court erred in dismissing as premature Westport's action as to its duty to indemnify. We review a district court's decision to refuse to exercise jurisdiction over a declaratory judgment action "deferentially, for abuse of discretion." *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003). Where, as here, "another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties," it is entirely appropriate for a district court to dismiss a declaratory judgment action. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (internal quotation marks omitted). As the district court

noted, the declaratory judgment action and the State Actions have numerous unresolved issues in common, including whether the Defendants were negligent or breached fiduciary or contractual obligations. As a result, the district court did not abuse its discretion in dismissing as premature the indemnification portion of Westport's declaratory judgment action.

We also reject Westport's contention that it was prejudiced because the district court denied its request for discovery in response to the Defendants' motion for summary judgment. *See* Fed. R. Civ. P. 56(d); *see also Gualandi v. Adams*, 385 F.3d 236, 244-45 (2d Cir. 2004). In assessing whether Westport had a duty to defend and indemnify, the district court was required to "compare the allegations of the complaint to the terms of the policy." *A. Meyers & Sons Corp. v. Zurich Am. Ins. Grp.*, 74 N.Y.2d 298, 302 (1989). It was not required to consider the additional materials submitted by the Defendants, and there is no evidence that it actually did so. Accordingly, the district court did not abuse its discretion in precluding Westport from conducting additional discovery.

Next, we address the parties' objections to the Attorneys' Fees Award. The scope of our review in this

regard is "circumscribed."  *Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1057 (2d Cir. 1989). The district court has "the best vantage point from which to assess the skill of the attorneys and the amount of time reasonably needed to litigate a case."  *Id.* at 1057-58. Moreover, "attorney's fees are to be awarded with an eye to moderation, seeking to avoid either the reality or the appearance of awarding windfall fees."  *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1139 (2d Cir. 1983)(citation and internal quotation marks omitted). Thus, the district court's calculation of attorneys' fees will not be disturbed absent a clear abuse of discretion. *Chambless*, 885 F.2d at 1058.

The district court did not abuse its discretion by reducing the Defendants' counsel's hourly rates.  The district court relied on several valid considerations in making its determination, including: the limited time and labor required, the relatively straightforward nature of the case, the absence of severe time demands, and the rates awarded in similar cases.  *See, e.g.*, *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 415 (2d Cir. 1989) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

     The Defendants counter that the district court relied on "historic rates that no longer apply, as well as the rates of opposing counsel." We disagree. The Defendants have not demonstrated that any of the rates relied on by the district court no longer prevail in the Southern District of New York. It was also not error for the district court to consider the rates charged to Westport's counsel. This was one of several factors relied on by the district court, and it was certainly not an unreasonable consideration given that the Defendants' counsel requested fees were approximately four times greater than the fees Westport paid to its own counsel for the same work.

     We also decline Westport's invitation to further reduce the Attorneys' Fees Award. Westport's reliance on the hourly rates of other appellees, as well as the hourly rates awarded in *GuideOne Specialty Mutual Insurance Co. v. Congregation Adas Yereim*, No. 1:04-cv-5300 (ENV)(JO), 2009 WL 3241757, at *3 (E.D.N.Y. Sept. 30, 2009), is misplaced. Counsel for the other appellees are located in Buffalo or in Lake Success, New York and thus, do not represent the "prevailing community a district court should consider to determine" the reasonable hourly rate. *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006).

Similarly, *GuideOne* involved an award to attorneys in the Eastern District of New York, and the *GuideOne* court noted that Manhattan attorneys' rates are higher than those in Brooklyn. *Id.* at *3.

In addition, Westport's contention that the proposed time entries were unreasonable is unavailing. The district court reduced the number of hours credited to the Defendants' counsel by 35% from 772.8 hours to approximately 502.3 hours. Westport admitted that its own counsel devoted just over 400 hours to this litigation. The district court did not abuse its discretion in reducing the number of hours by 35%.

Finally, the district court did not abuse its discretion in awarding costs. The costs sought by the Defendants' counsel reflected, among other things, in-house duplication costs, telephone charges, meals, overtime, local transportation, postage, electronic legal research, and messenger service. All of these categories of costs are "the sort of expenses that may ordinarily be recovered" as part of a fee award, and are not treated as "overhead expenses." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998); *see also Kuzma v. Internal Revenue Serv.*, 821 F.2d 930, 933-34 (2d Cir. 1987); *Aston v. Sec. of Health*

```
1   and Human Servs., 808 F.2d 9, 12 (2d Cir. 1986).
2   Accordingly, it was not error for the district court to
3   compensate the Defendants' counsel for a portion of these
4   costs.
5        We have considered all of the parties' remaining
6   arguments and, after a thorough review of the record, find
7   them to be without merit.
8        For the foregoing reasons, the judgment of the district
9   court is hereby **AFFIRMED**.  As a result, the Third-Party
10  Defendants' motion to strike the Defendants' request for
11  leave to re-file the Third-Party Complaint is denied as
12  **MOOT**.

13                           FOR THE COURT:
14                           Catherine O'Hagan Wolfe, Clerk
15
16
```

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit